# United States Court of Appeals
## For the First Circuit

No. 05-2361

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS CARABALLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, Chief U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Bjorn Lange, Assistant Federal Public Defender, on brief for the defendant, appellant.
Mark E. Howard, Assistant United States Attorney, and Thomas P. Colantuono, United States Attorney, on brief for the appellee.

May 3, 2006

**Per Curiam**.  After pleading guilty to two counts of possessing and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), defendant Luis Caraballo was sentenced, under United States v. Booker, 543 U.S. 220 (2005), to nine years' imprisonment, three and a half years below the bottom of the advisory guidelines range.  In this appeal, Caraballo challenges the nine-year sentence as unreasonably high because various mitigating circumstances--including, primarily, his multiple serious medical problems--make the sentence longer than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  We review the sentence for unreasonableness, Booker, 543 U.S. at 260-61, under the standards set forth in United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

Caraballo's challenge to his sentence rests primarily on his contention that the district court gave insufficient weight to his medical impairments, particularly the deterioration of both hips, which causes him considerable pain and impairs his mobility. According to Caraballo, this medical condition makes him less likely to commit future crimes, particularly violent ones; makes him less able to cope with prison life; clouds any hope for a productive life after release from prison; and could best be treated, after release, by the Veterans Administration, rather than by the Bureau of Prisons.

In fact, the district court afforded considerable weight to Caraballo's medical condition, which it characterized as "obviously a serious situation." Indeed, that condition was the court's primary rationale for imposing a sentence below the guideline sentencing range. (The other rationale was the relatively routine, street-level nature of the offenses of conviction.) However, the district court felt that other statutory factors--including the "public['s] need[] to be protected from [Caraballo's] demonstrably violent personality," see 18 U.S.C. § 3553(a)(2)(C), and the need to account for his "terrible . . . violent record,"[1] see id. § 3553(a)(1)--warranted "a substantial sentence . . . beyond that which one would obtain for this type of small drug deal." In reaching that conclusion, the judge expressed skepticism that Caraballo's medical condition, while serious, would prevent him from continuing his lifelong pattern of domestic violence and implicitly discredited Caraballo's argument that his forced sobriety, while incarcerated, would cure the lifetime alcohol abuse that triggered his violent conduct in the past. Accordingly, rather than impose a sentence within the guideline sentencing range of 151 to 188 months (approximately 12½ to 15½ years), the district court imposed a lesser, but still substantial, sentence of 9 years, which it believed adequate to punish Caraballo

---

[1]Caraballo's nine prior convictions included six instances of domestic violence, two involving deadly weapons, and one instance of threatening to harm a police officer and his family.

for his conduct while still giving him hope that he can be a productive citizen when released. That determination was not unreasonable.

Caraballo's remaining argument focuses on the application of the career offender guideline, USSG § 4B1.1, which largely accounted for his guideline sentencing range of 151 to 188 months. Caraballo does not dispute that the career offender guideline was properly calculated and applied, given his prior record of at least two "felony" convictions for violent crimes, as the term "felony" is defined in the guidelines. See id. § 4B1.2, comment. (n.1) (defining "prior felony conviction" as "a prior . . . federal or state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed").[2] He argues, however, that a sentence of less than nine years was necessary to avoid the purportedly "unwarranted sentencing disparity," 18 U.S.C. § 3553(a)(6), between his sentence and the sentences received by defendants who are prosecuted for similar offenses in other states.

The government disputes the factual predicate for that argument, contending, with statutory support, that at least two of Caraballo's prior convictions, those involving deadly weapons,

_____

[2]Caraballo's prior Massachusetts assault convictions counted as felonies for this purpose because, under Massachusetts law, those offenses were punishable by imprisonment for up to 2½ years.

would be deemed felonies for purposes of the career offender guideline if committed in other states (including New Hampshire). More important, any disparity caused by application of the career offender guideline is one that results from the policy choices made by Congress and implemented by the Sentencing Commission. See 28 U.S.C. § 994(h) (directing the Sentencing Commission to "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for career offenders). The district court therefore permissibly rejected any such disparity as a basis for further reducing Caraballo's sentence. See Jiménez-Beltre, 440 F.3d at 519; United States v. Pho, 433 F.3d 53, 62-65 (1st Cir. 2006).

Given the district court's "reasoned explanation" for the sentence imposed, Jiménez-Beltre, 440 F.3d at 519, and the deference due to its "on the scene" judgment, id., we conclude that a 9-year sentence, 3½ years below the bottom of the advisory guideline sentencing range, was not unreasonably high in light of the relevant statutory factors. Cf. United States v. Scherrer, No. 05-1705, 2006 WL 932550, at *5 (1st Cir. Apr. 12, 2006) (en banc) (upholding an adequately explained sentence 2 3/4 years above the guideline sentencing range); United States v. Smith, No. 05-1725, 2006 WL 893622, at *6 (1st Cir. Apr. 7, 2006) (vacating an inadequately explained sentence less than half the minimum of the

guideline sentencing range).  Accordingly, the sentence is

<u>affirmed</u>.