**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2569

UNITED STATES OF AMERICA,

Appellee,

v.

STEVEN WASHINGTON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

James S. Hewes on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby,
United States Attorney, on brief for appellee.

June 28, 2006

**Per Curiam**.   Steven Washington, who pled guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1), was sentenced, after United States v. Booker, 543 U.S. 220 (2005), to 168 months' imprisonment, the bottom of the applicable Guideline range.   The length of his sentence was based primarily on his "career offender" status under USSG § 4B1.1(b)(C).[1]   In this appeal from his sentence, Washington argues that his sentence is unreasonably high in light of (i) the relatively small amount of heroin involved (less than one gram) and (ii) the district court's failure adequately to explain the sentence with respect to the provisions of 18 U.S.C. § 3553(a), particularly the "parsimony" provision.   After carefully reviewing the record and the parties' briefs, we conclude that the sentence is not unreasonable and was adequately explained.

A sentencing judge is "not obliged to give a lower sentence because of the quantity," United States v. Saez, 444 F.3d 15, 19 (1st Cir. 2006) (emphasis added), particularly where, as here, other considerations weigh in the opposite direction, see

---

[1]It is undisputed that Washington qualified for career offender status because he committed the instant offense when he was at least 18 years old (he was 33), the instant offense is a controlled substance offense (distribution of heroin), and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (one for a crime of violence--robbery--and one for a controlled substance offense--manufacture, delivery, and possession of cocaine with intent to distribute). That status resulted in an offense level of 30, rather than 10; a criminal history category of VI rather than V; and a Guideline range of 168 to 210 months, rather than 21 to 27 months.

generally United States v. Sagendorf, 445 F.3d 515, 518 n.2 (1st Cir. 2006) (per curiam) (noting that "'the requirement that the sentencing judge consider a . . . factor that may cut in a defendant's favor does not bestow on the defendant an entitlement to receive any particular "credit" under that factor'" (citation omitted)).  Here, the judge expressly acknowledged the severity of the sentence in relation to the small quantity of drugs involved and concluded that a long sentence was warranted in light of Congress's express intent that career offenders be sentenced "to a term of imprisonment at or near the maximum term authorized."  28 U.S.C. § 994(h).  Any resulting disproportionality between the sentence and the drug quantity "is one that results from the policy choices made by Congress and implemented by the Sentencing Commission."  United States v. Caraballo, 447 F.3d 26, 27-28 (1st Cir. 2006) (per curiam).  The district court therefore permissibly declined to impose a below-Guidelines sentence on that basis.  Id.; cf. United States v. Jiménez-Beltre, 440 F.3d 514, 520 (1st Cir. 2006) (en banc) (finding it permissible to sentence defendant as a career offender even if his prior offenses were relatively minor).

The court also tempered the consequences of Washington's career offender status by sentencing him to the bottom of the applicable Guideline range.  The resulting fourteen-year sentence, which the court characterized as "very severe," was still more than

four years below the top of the applicable Guideline range and six years below the twenty-year statutory maximum.

In rejecting Washington's plea for a below-Guidelines sentence, the district court also expressly considered several factors set forth in 18 U.S.C. § 3553(a). Specifically, the court considered and rejected Washington's argument that a below-Guidelines sentence was necessary to avoid unwarranted disparity with the suspended sentence given to his accomplice after a state-court conviction arising from the same incident. The court reasoned that, even if the accomplice was more culpable (a point on which the parties disagreed but which the court did not resolve), Washington's harsher sentence was warranted by his more serious criminal history.[2] The district court further opined that the disparity to be avoided was among sentences in the federal system, not between state and federal sentences. Without deciding the latter point, see United States v. Wilkerson, 411 F.3d 1, 10 n.** (1st Cir. 2005), we agree with the district court that a sentencing disparity explained by differences in defendants' criminal histories or degrees of cooperation is not "unwarranted" within the meaning of 18 U.S.C. § 3553(a)(6), see Saez, 444 F.3d at 18.

The district court also expressly considered and rejected Washington's arguments that the purposes of sentencing,

---

[2]The record further indicates that the accomplice's sentence may have taken into account her cooperation with local law enforcement authorities.

-4-

particularly the need to afford adequate deterrence and protect the public from future crimes by this defendant, 18 U.S.C. § 3553(a)(2)(B),(C), could be served by a lesser sentence. In that regard, the district court noted that despite the "very severe sentences" that Washington received for his prior offenses, soon after he was released from prison on those sentences he continued to commit other serious crimes. For that reason, the court concluded that an even more severe sentence was necessary this time. The district court also took into account Washington's need for educational and vocational training and substance abuse treatment, id. § 3553(a)(2)(D), by encouraging him to "take advantage of every program in prison" and recommending that he be enrolled in a comprehensive drug treatment program.

Although the district court did not expressly cite the "parsimony" provision, 18 U.S.C. § 3553(a), the above-described comments evidence its consideration of the underlying principle that a sentence should be sufficient but no higher than necessary to meet the statutory goals. Nor is there any indication that the sentence was designed to serve some other, impermissible, purpose. See United States v. Scherrer, 444 F.3d 91, 95 (1st Cir. 2006) (en banc). Accordingly, we find no error in the court's failure to incant the parsimony provision per se. See United States v. Dixon, No. 05-1559, 2006 WL 1452687, at *9 (1st Cir. May 26, 2006).

Similarly, although the court did not expressly address other potentially mitigating factors proffered by Washington at sentencing--including his troubled childhood and his efforts at post-conviction rehabilitation while in prison--we infer that the court was unpersuaded that those factors outweighed the stated grounds for declining to impose a below-Guidelines sentence. See Scherrer, 444 F.3d at 94. No further explanation was required. Cf. United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006) (stating that "'the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification . . . the judge must offer'" (citation omitted)).

Accordingly, the sentence is affirmed.