**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1166

UNITED STATES OF AMERICA,

Appellee,

v.

MITCHELL MCGUIRE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, <u>Senior U.S. District Judge</u>]

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>Sally A. Morris</u> on brief for appellant.
<u>Margaret D. McGaughey</u>, Appellate Chief, and <u>Paula D. Silsby</u>,
United States Attorney, on brief for appellee

June 28, 2006

**Per Curiam**. Mitchell McGuire, who was convicted after a jury trial of conspiring to possess and possessing more than five grams of crack cocaine with intent to distribute, appeals from his resentencing under United States v. Booker, 543 U.S. 220 (2005), after remand by the Supreme Court and this court for that purpose.[1] For the reasons discussed below, we affirm the new, reduced sentence.

Originally, pre-Booker, the district court had imposed a 360-month (30-year) sentence, the bottom of the then-mandatory guidelines range. That range resulted primarily from McGuire's status as a career offender under section 4B1.1 of the guidelines. On remand, the parties stipulated that McGuire qualifies as a career offender, that the resulting guidelines sentencing range is 360 months to life, and that the sole issue before the district court on remand was "whether there exists any reason why a lower sentence should be imposed in light of Booker." At resentencing, after hearing arguments of counsel and engaging in extended colloquies with McGuire's brother, father, and mother and with McGuire himself, the district court was persuaded to reduce McGuire's sentence by 60 months to 300 months (25 years). The

---

[1]The salient facts of the underlying offense are described in this court's opinion affirming McGuire's conviction and his sentence, pre-Booker. United States v. McGuire, 389 F.3d 225, 227-28 (1st Cir. 2004), vacated, 544 U.S. 946 (2005).

court explained, at length, its reasons for imposing that sentence in light of the factors set forth in 18 U.S.C. § 3553(a).

In the present appeal, McGuire argues that the new sentence is unreasonably high. Specifically, he contends that the career offender guideline, on which the district court substantially relied, overstates the seriousness of his criminal record, has a disproportionate impact on African-American males like McGuire, and does not reduce recidivism. He also argues that the disparity in sentencing between crack and powder cocaine offenses is unwarranted, and that the sentence does not adequately reflect his post-conviction rehabilitation.

Of those arguments, only the first and last relate specifically to McGuire's individual circumstances. The remainder are policy arguments against the career offender guideline and the crack/cocaine differential, which are appropriately addressed to Congress, not to the courts. United States v. Caraballo, 447 F.3d 26, 27 (1st Cir. 2006) (career offender guideline); United States v. Pho, 433 F.3d 53, 63-65 (1st Cir. 2006) (crack/cocaine differential). Although the length of McGuire's new sentence is still driven primarily by the guidelines, that is appropriate since, as the district court recognized, despite Booker, the guidelines continue to be "an important consideration in sentencing." United States v. Jiménez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc).

As to McGuire's criminal record, which the district court reviewed in full detail, we infer that the district court was persuaded by the government's argument that McGuire's criminal record is "nothing short of abysmal." Although the court agreed with McGuire that his sentence should not be increased based on a series of arrests that did not culminate in convictions, the court permissibly considered those matters in determining McGuire's attitude, capacity for rehabilitation, and absence of remorse for his prior criminal conduct.

The court also expressly considered McGuire's post-conviction change of attitude and desire for rehabilitation. Although the court was skeptical that McGuire had really changed, it was persuaded by his arguments and those of his counsel and family members that sentencing a 30-year-old man to a 30-year prison term might "cause the creation of hopelessness that will endure for life." For that reason--and demonstrating that the court had considered McGuire's arguments in light of the statutory factors, rather than rotely reimposing the original sentence--the court imposed a reduced sentence of 25 years.

In explaining its reasons for doing so, the court applied the relevant statutory factors to the facts of this case. In particular, the court explained that the sentence was "sufficient to provide . . . just punishment for very serious dishonorable course of conduct, not only in distributing drugs which ruins

lives, but in acts of violence . . ., inflicting suffering and mental fear as well as physical abuse upon innocent people." See 18 U.S.C. § 3553(a)(2)(A). The court also expressly considered McGuire's family background and prior record, 18 U.S.C. § 3553(a)(1); the need for deterrence, both specific and general, 18 U.S.C. § 3553(a)(2)(B); and the need to protect the public, 18 U.S.C. § 3553(a)(2)(C). In sum, the court concluded that a 25-year sentence "is a most fair, just, honorable sentence in the present circumstances of this case." Finding that reasoning plausible and supported by the record and finding the resulting sentence defensible, we defer to the district court's on-the-scene judgment. Jiménez-Beltre, 440 F.3d at 519. Such deference is particularly appropriate here, given the judge's intimate familiarity with the underlying facts, acquired by presiding over McGuire's trial and two sentencing proceedings.

Accordingly, the sentence is summarily affirmed. See 1st Cir. R. 27(c).