# United States Court of Appeals
## For the First Circuit

No. 05-2570

UNITED STATES OF AMERICA,

Appellee,

v.

MAURICIO BERIGUETE MERAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Robert J. Ruffner and Vincent, Kantz & Ruffner on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on brief for appellee.

September 13, 2006

**Per Curiam**. Defendant Mauricio Beriguete[1] Meran ("Beriguete") appeals from his sentence, imposed on remand from this court for resentencing after United States v. Booker, 543 U.S. 220 (2005). See United States v. McLean, 409 F.3d 492, 503-04 (1st Cir.) (vacating Beriguete's 95-month sentence because of a guidelines calculation error and remanding for resentencing without reaching his Booker claims), cert. denied, 126 U.S. 466 (2005). In this appeal, Beriguete argues that the 75-month sentence[2] he received on remand was unreasonably high because the district court failed (i) to explain why its use of the 100:1 crack/powder cocaine ratio[3] was appropriate in this case and (ii) to take into account

---

[1]According to the Presentence Report, this is the correct spelling of defendant's surname, although it was spelled "Berguette" in most of the filings in the district court, in this court, and in our decision on defendant's first appeal.

[2]The underlying guidelines calculations, which are not disputed here, were as follows: the original adjusted offense level was reduced another two levels, from level 33 to level 31, based on this court's determination that Beriguete was entitled to the safety valve, McLean, 409 F.3d at 503-04, resulting in a guideline sentencing range of 108 to 135 months. The sentence was then reduced to 76 months, based on the government's motion for a downward departure for substantial assistance. U.S.S.G. § 5K1.1. The ultimate sentence was lowered to 75 months to account for the good-time credit that Beriguete lost while awaiting sentencing pending his testimony at his codefendants' trial.

[3]Under U.S.S.G. § 2D1.1(c) (Drug Quantity Table), the base offense level for crack cocaine (cocaine base) is the same as that for 100 times the same amount of powdered cocaine.

his impending deportation.[4]  For the reasons explained below, we reject those arguments and affirm the sentence.

As Beriguete correctly concedes, our decision in United States v. Pho, 433 F.3d 53, 64 (1st Cir. 2006), precludes his argument, made below, that the district court should disregard the crack cocaine sentencing guideline as irrational in light of the Sentencing Commission's (unaccepted) recommendation to Congress that a 20:1 ratio apply instead of the 100:1 ratio presently used in the guidelines.  Nevertheless, he argues that the crack cocaine guideline is not entitled to the same weight as the other guidelines and that, therefore, the sentencing court should not rely on it without explaining why such reliance is appropriate in a given case.

Assuming, despite the government's colorable arguments to the contrary, that this argument was not forfeited or waived below, it fails on the merits.  The proposition that the sentencing court should give less weight to some guidelines than to others based on policy considerations (such as the relative dangerousness of crack and powdered cocaine) is antithetical to the separation of powers principles underlying Pho, if not to its direct holding.  See Pho, 433 F.3d at 61-63; see also United States v. Caraballo, 447 F.3d 26, 27-28 (1st Cir. 2006) (per curiam).  As we more recently

_____

[4]Under 8 U.S.C. § 1227(a)(2), an alien who is convicted of certain crimes, including controlled substances offenses, is deportable.

-3-

reiterated, "A court may sentence below the guidelines because the guideline sentence appears unreasonable in the 'particular case[], but not because of 'general disagreement with broad-based policies enunciated by Congress . . . .'" United States v. Thurston, No. 05-2271, 2006 WL 2065404, at *7 (1st Cir. July 26, 2006). The district court therefore did not err in eschewing reliance on the crack/powder disparity in crafting an appropriate sentence.

The district court did not expressly respond to Beriguete's second argument--that his status as a deportable alien will make his sentence effectively more harsh than a similar sentence imposed on a non-alien since that status will make him ineligible for placement in a minimum security facility regardless of his good behavior. However, one can infer that the judge was not persuaded by that argument from his direction that defense counsel move on to the next factor. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) (permitting such inferences). The court's implicit rejection of that argument was not unreasonable. See United States v. Guzman, 236 F.3d 830, 834 (2d Cir. 2001) (stating, pre-Booker, that "the differences in the conditions of confinement . . . between deportable aliens and other . . . defendants . . . are not great"). Moreover, to the extent that such differences are attributable to generic policy judgments as to the increased flight risk posed by aliens facing

-4-

deportation, id., such policy judgments should not be second-guessed by sentencing courts for the reasons discussed above.

After rejecting these arguments (and others not pressed on appeal) for a lower sentence, the district court explained, at length, why the 75-month sentence imposed was appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).  In particular, the court emphasized that the sentence was justified by both the seriousness of the offense conduct (which it characterized as "outrageous" and "reprehensible . . . in the extreme") and the danger of harm it created to the safety and well-being of other people in Maine.  Without "minimiz[ing] in any respect the application . . . of other factors listed in [section 3553(a)]," the court also emphasized the need to promote respect for the law and to provide just punishment for the offense. Finally, the court appropriately afforded "significant weight" to the guideline computations.  See Jiménez-Beltre, 440 F.3d at 518.  No further explanation was required.

Accordingly, the sentence is affirmed.  See 1st Cir. R. 27(c).