**UNITED STATES of America,**
**Appellee,**

v.

**Nestor RODRIGUEZ, Defendant,**
**Appellant.**

**No. 05–2593.**

United States Court of Appeals,
First Circuit.

Sept. 19, 2006.

Syrie D. Fried, Federal Defender Office, on brief for defendant, appellant.

Jennifer Hay Zacks, Assistant United States Attorney, and Michael J. Sullivan, United States Attorney, on brief for appellee.

Before TORRUELLA, LYNCH, and HOWARD, Circuit Judges.

*PER CURIAM:*

In this sentencing appeal, the defendant, Nestor Rodriguez, appeals from his 188–month within-guidelines sentence for heroin trafficking on the grounds that the sentencing court relied too heavily on the career offender guideline and failed to consider mitigating factors including the relatively small amount of heroin involved (12.1 grams), Rodriguez's limited intellectual capacity, his history of abuse as a child, and his long-standing addiction to heroin. After careful review of the record, we affirm the sentence for the reasons detailed below.

It is true that the length of Rodriguez's sentence was driven primarily by the career offender guideline, U.S.S.G. § 4B1.1(b) (Nov.2004), which increased his base offense level from 16 to 34.[1] However, in imposing a sentence at the bottom of the resulting guideline range, rather than the below-guideline sentence that Rodriguez requested, the district court expressly recognized that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), it was not bound to sentence Rodriguez within the range advised by the career offender guideline. Indeed, the court indicated that it had declined to do so in other cases where it found the resulting sentence to be unfairly long under the relevant circumstances.

But the court characterized the present case as "very different," given Rodriguez's unbroken, 25–year criminal history, which included four career offender predicates—twice the number required for application of the career offender guideline—as well as some additional uncounted violent crimes. Based primarily on that record—"one of the longest [the court had] seen"—the court concluded that application of the career offender guideline was appropriate here. Before reaching that conclusion, the court expressed its understanding of the mitigating circumstances proffered by the defendant but found those factors outweighed by the need for deterrence. In particular, the court noted that the succession of shorter sentences that Rodriguez had received in the past had been ineffective in deterring further crimes—the only break in his criminal activity was during his incarcerations. The court did take into account Rodriguez's need for drug and mental health treatment by recommending that he be placed in a facility where such treatment can occur.

We see nothing unreasonable about the court's explanation or the overall result. A sentencing judge is "not obliged to give a lower sentence because of [a relatively low] drug quantity," *United States v. Saez*, 444 F.3d 15, 19 (1st Cir.2006), particularly where, as here, other considerations weigh in the opposite direction. That application of the criminal offender guideline yields a harsher sentence than the guidelines would otherwise advise based on drug quantity alone is the result of "policy choices made by Congress and implemented by the Sentencing Commission." *United States v. Caraballo*, 447 F.3d 26, 27–28 (1st Cir.2006) (per curiam). Nor is the presence of other mitigating

---

1. Even without application of the career offender guideline, Rodriguez's criminal history category would still have been VI, based on his 14 criminal history points. U.S.S.G. ch. 5, pt. A (Sentencing Table).

factors dispositive in Rodriguez's favor. " 'The requirement that the sentencing judge consider a ... factor that may cut in a defendant's favor does not bestow on a defendant an entitlement to receive any particular "credit" under that factor.' " *United States v. Sagendorf,* 445 F.3d 515, 518 n. 2 (1st Cir.2006) (citation omitted).

Accordingly, the sentence is *affirmed. See* 1st Cir. R. 27(c).