**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2588

UNITED STATES OF AMERICA,

Appellee,

v.

MARINO PÉREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, <u>Senior U.S. District Judge</u>]

Before

Boudin, <u>Chief Judge</u>,
Selya, <u>Circuit Judge</u>,
and Stahl, <u>Senior Circuit Judge</u>.

<u>Ramón M. González Santiago</u> on brief for appellant.
<u>Nelson Pérez-Sosa</u>, Assistant U.S. Attorney, <u>Germán A. Rieckehoff</u>, Assistant U.S. Attorney, and <u>Rosa Emilia Rodríguez-Vélez</u>, United States Attorney, on brief for appellee.

December 15, 2006

**Per Curiam**.    Marino Pérez challenges his 110-month, below-guidelines sentence primarily on the ground that the district court erred in rejecting his request for a minor-role adjustment under U.S.S.G. § 3B1.2.[1]    He also argues that the district court departed from the sentencing protocol that we subsequently endorsed in United States v. Jiménez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc), and its progeny, by inadequately explaining the reasons for its chosen sentence.    After carefully considering the parties' briefs and the underlying record, we reject those arguments and affirm the sentence for the reasons discussed below.

"Role-in-the offense determinations are notoriously fact-sensitive . . . ."   United States v. Ortiz-Santiago, 211 F.3d 146, 148  (1st  Cir.  2000).    Accordingly,  "appellate  review  is deferential:  the district court's resolution of a dispute over a defendant's role is reviewed only for clear error."   Id. at 148-49.   That standard of review of factual determinations in the sentencing context remains unchanged after United States v. Booker, 543 U.S. 220 (2005).   United States v. Robinson, 433 F.3d 31, 38 (1st Cir. 2005).   "'Thus, absent a mistake of law, battles over a defendant's

---

[1]If the court had found Pérez to be a "minor participant" within the meaning of U.S.S.G. § 3B1.2, he would have been entitled to a two-level reduction in his base offense level under U.S.S.G. § 3B1.2(b) and an additional four-level reduction under § 2D1.1(b)(3)(B)(iii) (Nov. 1, 2004 ed.).   See also U.S.S.G. § 3B1.2 comment. (n.6).   Those reductions--combined with other reductions granted by the court and his Criminal History Category of I--would have resulted in a guidelines range of 70 to 87 months. Pérez asked to be sentenced at the bottom of that range.

status . . . will almost always be won or lost in the district court.'" Ortiz-Santiago, 211 F.3d at 149 (quoting United States v. Graciani, 61 F.3d 70, 71 (1st Cir. 1995)). This case is no exception.

"A defendant who seeks a downward adjustment stemming from his supposedly peripheral role in the offense bears the burden of proof on that issue. To qualify for a minor role reduction . . . , the defendant must satisfy a two-pronged test. First, he must demonstrate that he is less culpable than most of those involved in the offenses of conviction. Second, he must establish that he is less culpable than most of those who have perpetrated similar crimes." United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005) (citations omitted), cert. denied, 126 S. Ct. 414 (2006). Here, the district court did not clearly err in concluding that Pérez had failed to satisfy that two-pronged burden.

In declining to apply a minor-role adjustment, the district court relied on undisputed evidence that, rather than simply serve as a deckhand and intended offloader of the drugs once they were onboard, Pérez had traveled 12 miles to get the drugs, had loaded them onto a speedboat headed for a known drug-trafficking location, was one of only two people onboard the speedboat, and participated in throwing some of the drugs overboard once the vessel was approached by law enforcement authorities. The court further noted that the amount of drugs--over 1,000 kilograms

of cocaine and over 6 kilograms of heroine--was "huge" as was the amount of money ($80,000) that Pérez was promised for his participation. In reaching the conclusion that these circumstances made him more than a minor participant, the court properly rejected Pérez's speculative argument that the other person onboard was more culpable simply because he was the captain of the ship. In the absence of any evidence of their respective roles, the fact that one of the two individuals served as a captain "does not indicate that [the] other[] on board had a less significant function relative to the criminal activities." United States, v. Coneo-Guerrero, 148 F.3d 44, 50-51 (1st Cir. 1998).

Moreover, even if Pérez were the less culpable of the two, that would not automatically entitle him to a minor-role adjustment. United States v. Murphy, 193 F.3d 1, 9 (1st Cir. 1999). To satisfy the second prong of the minor-role standard, a defendant must be less culpable, not only than his co-participants, but also than the ordinary average participant in the offense of conviction. United States v. Sanchez, 354 F.3d 70, 75 (1st Cir. 2004). Where, as here, the offense of conviction is simply possession with intent to distribute drugs, not a broad-ranging drug-trafficking conspiracy, "it matters little . . . whether defendant[] substantially participated in an alleged overall drug conspiracy. The fact that [he] may or may not have been a smaller part of a larger conspiracy does not diminish [his] role in the

-4-

cocaine possession offense charged here." <u>United States</u> v. <u>Rosario-Peralta</u>, 199 F.3d 552, 571-72 (1st Cir. 1999); <u>see also</u> <u>United States</u> v. <u>Wright</u>, 873 F.2d 437, 442-43 (1st Cir. 1989).

Thus, based on the totality of circumstances evidenced in the record, we cannot say that the district court clearly erred in rejecting Pérez's bid for a minor-role reduction in his offense level. Absent such an adjustment, the district court correctly calculated Pérez's advisory guidelines sentencing range as 135 to 168 months. Nevertheless, applying the "rule of leniency," the court sentenced him to only 110 months' imprisonment.[2]

Despite receiving a below-guidelines sentence, Pérez faults the court for failing to explain the reasons for the sentence in terms of the statutory factors. From the sentencing transcript, it is obvious that the sentence was based primarily on the guidelines calculations, which is not impermissible, since the guidelines "continue . . . to be an important consideration in sentencing." <u>Jiménez-Beltre</u>, 440 F.3d at 518. Both at the change of plea hearing and at sentencing, the court expressly recognized that the guidelines are now advisory rather than mandatory, and, before imposing sentence, the court expressly stated that it had

---

[2]That exercise of leniency was based on the court's (questionable) belief that because Pérez satisfied the requirements for the "safety valve," the applicable statute, 18 U.S.C. § 3553(f), required that he be sentenced below the applicable statutory minimum of 120-months. Understandably, Pérez does not complain about that exercise of leniency, and neither does the government. Hence, we do not address it.

considered not only the guidelines but also the sentencing factors set forth in 18 U.S.C. § 3553. Although the court did not discuss those factors individually, such discussion is required only as to those factors raised for the court's consideration at sentencing. United States v. Alli, 444 F.3d 34, 41 (1st Cir. 2006). At sentencing, defense counsel alluded briefly to some of Pérez's personal circumstances, including his lack of a criminal record, his status as an illegal alien, his parents' poverty, and his resulting need to work rather than complete his schooling, but he made no arguments as to why those circumstances warranted a lighter sentence in light of any of the statutory factors.[3]

Moreover, to the extent that the district court implicitly rejected such relatively ordinary circumstances as warranting a sentence even lower than the sentence imposed-- which was already 15 months below the bottom of the guidelines range and 10 months below the statutory minimum--we see nothing unreasonable about that implicit rationale or the resulting sentence. Accordingly, the judgment is affirmed. See Loc. R. 27.0(c).

---

[3]On appeal, Pérez argues, for the first time, that his status as a deportable alien warranted a lighter sentence because, as such, he is ineligible for any time-reduction programs while incarcerated. This unpreserved claim falls far short of plain error. See United States v. Beriguete Meran, 463 F.3d 47, 49 (1st Cir. 2006) (per curiam) (finding rejection of similar argument to be not unreasonable).