# United States Court of Appeals
## For the First Circuit

No. 08-1555

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS CARABALLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Bjorn Lange, Assistant Federal Public Defender, for appellant.
Aixa Maldonado-Quiñones, Assistant United States Attorney, with whom Thomas P. Colantuono, United States Attorney was on brief, for appellee.

December 22, 2008

**SELYA**, **Circuit Judge**.  This single-issue criminal appeal raises a question of first impression in this circuit: Does the Sentencing Commission's recent amendment to the drug quantity table, USSG App. C, Amend. 706 (2007), offer a potential remedy to a defendant who, although convicted of a drug-trafficking offense involving crack cocaine, was ultimately sentenced as a career offender?  The district court answered that question in the negative, concluding that the amendment does not benefit the defendant in the circumstances of this case.  We affirm the denial of the defendant's motion for a reduced sentence.[1]

The facts and posture of the case are straightforward. On April 6, 2005, defendant-appellant Luis Caraballo pleaded guilty to two counts of possessing crack cocaine with intent to distribute.  See 21 U.S.C. § 841(a)(1).  The district court computed the guideline sentencing range as follows.  It started with a base offense level of 22, premised on a drug quantity of 3.65 grams of crack cocaine. See USSG §2D1.1. Concluding that the defendant's criminal record qualified him as a career offender, id. §4B1.1(a), the court performed the alternate calculation required by the career offender guideline, see id. §4B1.1(b).  That

---

[1] This case was consolidated with United States v. Ayala-Pizarro, No. 08-1321, and argued in this court on November 5, 2008. Although the issue presented in both appeals is substantially identical, we opt to decide the cases separately.  This is the first of the decisions; an opinion in Ayala-Pizarro will issue shortly.

alternate calculation implicated a higher base offense level (32) than the non-career-offender calculation (22). Consequently, as prescribed in the career offender guideline, id. §4B1.1(b), the court employed the enhanced offense level. It then applied a three-level credit for acceptance of responsibility. See id. §3E1.1. These adjustments yielded a guideline sentencing range of 151 to 188 months.

On September 7, 2005, the district court convened the disposition hearing. The court announced its view that the career offender calculations controlled. The defendant did not challenge the court's decision to invoke the enhanced career offender sentencing range. Instead, he argued for a downwardly variant 48-month sentence under the aegis of United States v. Booker, 543 U.S. 220, 245-46 (2005). The defendant premised his plea primarily on his deteriorating health.

The district court granted a less generous variance and sentenced the defendant to a 108-month incarcerative term on each count, to run concurrently, together with three years of supervised release. The defendant appealed. We denied relief, finding the sentence reasonable. United States v. Caraballo, 447 F.3d 26, 28 (1st Cir. 2006).

For many years before and after the imposition of the defendant's sentence, a vigorous debate had been waged about the relatively heavy level of punishment associated with crack cocaine

offenses as compared to the somewhat lighter level of punishment associated with crimes involving powdered cocaine. See, e.g., Kimbrough v. United States, 128 S. Ct. 558, 568-70 (2007) (limning the history of this debate); United States v. Pho, 433 F.3d 53, 54-57 (1st Cir. 2006) (similar). On November 1, 2007, the Sentencing Commission took definitive action by revising a portion of the drug quantity table. See USSG App. C, Amend. 706 (2007). Generally speaking, Amendment 706 adjusts downward by two levels the base offense level ascribed to various quantities of crack cocaine under USSG §2D1.1(c), thereby shrinking the guideline disparity between crack cocaine offenses and powdered cocaine offenses. Shortly after promulgating Amendment 706, the Commission imbued it with retroactive effect. See USSG App. C, Amend. 713 (Supp. May 1, 2008).

Cognizant of these developments, the defendant lost little time in filing a motion for reduction of his sentence. He claimed that his sentence derived from the drug quantity table for crack cocaine; that Amendment 706 has altered that guideline; and that, therefore, he was eligible for a shorter sentence.[2] As a

---

[2] Technically speaking, Amendment 706 modifies the drug quantity table. Its effect, however, is to mitigate the recommended guideline sentencing ranges for offenses involving crack cocaine. For ease in exposition, we shall refer to the affected portion of the drug quantity table as "the crack cocaine guideline."

vehicle for the achievement of that goal, he identified 18 U.S.C. § 3582(c)(2) (quoted infra).

The district court did not agree that section 3582(c)(2) applied. Noting that the defendant had been sentenced as a career offender, the court found that it lacked authority to reconsider the sentence. Accordingly, the court denied the defendant's motion. United States v. Caraballo, No. 04-CR-035-01 (D.N.H. Apr. 23, 2008) (unpublished order). This timely appeal followed.

We review a district court's denial of a motion for reduction of sentence under section 3582(c)(2) for abuse of discretion. United States v. Rodríguez-Peña, 470 F.3d 431, 432 (1st Cir. 2006) (per curiam). A material error of law is perforce an abuse of discretion. United States v. Snyder, 136 F.3d 65, 67 (1st Cir. 1998). That subsidiary doctrine has particular pertinence here: this case requires us to determine, as a threshold matter, whether the district court had authority to act under section 3582(c)(2). That is purely a question of statutory interpretation and, to that extent, the court's answer to it engenders de novo review. See United States v. Leahy, 473 F.3d 401, 405 (1st Cir. 2007); United States v. Gibbens, 25 F.3d 28, 32 (1st Cir. 1994).

Finality is an important attribute of judgments and, typically, once a pronounced sentence in a criminal case becomes final and unappealable, it may not be modified. See, e.g., United

States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008); United States v. Jordan, 162 F.3d 1, 2 (1st Cir. 1998); see also 18 U.S.C. § 3582(c). But this general rule, like virtually every general rule, admits of exceptions. One such exception is embodied in the statute alluded to above, which provides in relevant part that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In enacting this statute, Congress spoke with unmistakable clarity: before a district court can consider a sentence modification thereunder, it must satisfy itself that the original sentence was "based on a sentencing range that has subsequently been lowered." Id. (emphasis supplied).

In the case at hand, the defendant acknowledges that the lower court sentenced him as a career offender, and he eschews any challenge to that designation. He nonetheless maintains that his sentence was "based on" the crack cocaine guideline, USSG §2D1.1, because the court used that guideline in the series of calculations leading up to its production of the sentencing range that it ultimately found applicable.

Refined to bare essence, the defendant's suggestion is that, even though his sentence was not dictated exclusively by the

crack cocaine guideline, it was "based on" that guideline because that guideline was a way station along the road that the district court traveled in arriving at the appropriate sentencing range. He insists that, given this imbrication, Amendment 706 unlocks section 3582(c)(2) and authorizes the district court, on his motion, to recalculate his sentencing range and determine anew, in light of generally applicable sentencing factors, see 18 U.S.C. § 3553(a), whether a sentence reduction is warranted.

We are not persuaded. Here, the district court first determined the offense level applicable to the underlying drug-trafficking offenses, using the crack cocaine guideline. It then determined the alternate offense level resulting from the defendant's status as a career offender. Only then did it choose the offense level that it actually used in sentencing the defendant: the enhanced career offender level.

The defendant's argument that this oblique reference to the crack cocaine guideline was enough to trigger section 3582(c)(2) disregards the way in which the career offender guideline operates. As we explained in United States v. Ventura, 353 F.3d 84 (1st Cir. 2003), the career offender guideline incorporates its own sentencing table. Id. at 90. If the offense level for a career offender from that table "is greater than the offense level otherwise applicable, the offense level from the [career offender] table . . . shall apply." USSG §4B1.1(b). That

-7-

usually will be the case, since the career offender guideline "sets forth a tabulation of offense levels that are determined by reference to the statutory maximum sentences authorized for various offenses of conviction." Ventura, 353 F.3d at 90.

Given this architecture, the sentencing court's authority is severely limited in career offender cases:

> [T]he sentencing court must take the applicable offense level from the career offender table and compare it to the offense level that would be applicable absent a career offender designation. If the former exceeds the latter, the court must use it in determining the defendant's [guideline sentencing range].

Id. (emphasis supplied).

This case hewed to the normal pattern: the career offender guideline provided the higher offense level and, thus, yielded a more punitive sentencing range. That was the range that the district court actually used at sentencing. Consequently, to say that the defendant's sentence was "based on" the crack cocaine guideline strains credulity. Reaching that result would require us to rewrite section 3582(c)(2) and, in the bargain, invade Congress's exclusive preserve.

Nor is there room for any legitimate doubt. In drafting section 3582(c)(2), Congress has not sounded an uncertain trumpet but, rather, has couched the statute in plain and unambiguous language. The term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of

tentative results reached at various interim steps in the performance of that calculus. Thus, if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.

We add three embellishments. First, our "plain meaning" construction of section 3582(c)(2) comports with the authorities elsewhere. Three other courts of appeals have addressed this precise question, and each of them has read the statute in the same manner as do we. See United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1328 (11th Cir. 2008); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam).

Second, our construction of section 3582(c)(2) is entirely consistent with the Sentencing Commission's policy statements. See, e.g., USSG §1B1.10(a)(2)(B) (made effective on March 3, 2008, by Amendment 712) (explaining that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if — an amendment . . . does not have the effect of lowering the defendant's applicable guideline range"). The defendant urges us to ignore this policy statement as merely advisory in a post-Booker world — but Booker neither undermined the continued vitality of section 3582(c)(2) nor altered the customary canons of statutory construction. See United States v. Wise, 515 F.3d 207, 221 n.11

(3d Cir. 2008) (reasoning that nothing in <u>Booker</u> "purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines"). The plain language of the statute drives the result here.

Third, our conclusion here is fortified by our decision in <u>United States</u> v. <u>Hickey</u>, 280 F.3d 65 (1st Cir. 2002). There, the defendant had been found guilty of both an armed robbery and a firearms offense. <u>Id.</u> at 66. Nevertheless, he was sentenced as a career offender. <u>Id.</u>

After sentence was imposed, the Sentencing Commission promulgated a clarifying amendment mitigating the recommended punishment for this combination of underlying offenses. <u>See</u> <u>id.</u> at 66-67 (citing USSG App. C, Amend. 599 (2000)). Hickey sought a sentence reduction but we ruled that section 3582(c)(2) was unavailable because his sentence had been based on the career offender offense level and the resulting sentencing range, not the offense levels and sentencing ranges for the underlying offenses. <u>See</u> <u>id.</u> at 69.

<u>Hickey</u> stands for the proposition that a sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court. <u>Id.</u> Our decision today tracks the <u>Hickey</u> court's reasoning and emulates its result.

-10-

We succinctly summarize. Had the new guideline provision for crack cocaine offenses (Amendment 706) been in effect when this defendant was sentenced, that provision would not have had any effect on the sentencing range actually used. As we have said, the defendant's actual sentencing range was produced by reference to section 4A1.1 (the career offender guideline), not section 2D1.1 (the crack cocaine guideline). Thus, Amendment 706 did not lower the defendant's actual sentencing range. Consequently, the district court did not err in determining that it lacked the authority to modify the defendant's sentence under 18 U.S.C. § 3582(c)(2).

The defendant has a fallback position. He asseverates that he is eligible for a sentence reduction because the district court originally imposed a non-guideline sentence after granting his plea for a downward variance. With this in mind, he suggests that the underlying offense conduct drove his sentence, not merely the career offender guideline. To bolster this suggestion, he notes that the district court remarked at sentencing that the offense of conviction was "basically [a] routine streetsweeper type" drug offense. In the defendant's view, this remark indicates that the court was relying on the severity of the underlying crack cocaine crime to fix his sentence.

This argument lacks force. For one thing, the defendant places more weight on the district court's remark than that remark

can bear. As we explained on direct review and today reaffirm, the court's "primary rationale for imposing a sentence below the guideline sentencing range" was not the nature of the offense conduct but, rather, the defendant's "medical condition, which [the court] characterized as 'obviously a serious situation.'" Caraballo, 447 F.3d at 27.

Perhaps more importantly, even though the defendant received a non-guideline sentence, that had no effect on the sentencing range applicable in his case (i.e., the sentencing range contemplated by section 3582(c)). Under an advisory guidelines system, a variance is granted in the sentencing court's discretion after the court has established an appropriately calculated guideline sentencing range. See United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008); United States v. Robinson, 433 F.3d 31, 35 (1st Cir. 2005). It is that sentencing range that must be lowered by an amendment in order to engage the gears of section 3582(c)(2).[3]

We need go no further. Simply put, the defendant has failed to satisfy the threshold requirement of section 3582(c)(2):

---

[3] To some extent, the defendant's argument is a potential boomerang. The sentencing guidelines suggest that even when a defendant has established his eligibility for a sentence reduction under section 3582(c)(2), "a further reduction would generally not be appropriate" if the original sentence is a downwardly variant non-guideline sentence. USSG §1B1.10(b)(2)(B).

his sentence was not "based on a sentencing range that was subsequently lowered" by Amendment 706.[4]

**Affirmed**.

_____

[4] The failure to cross the statutory threshold obviates any need to address the scope of the district court's discretion to modify a sentence once that threshold requirement is satisfied. Thus, we take no view on the question of whether a defendant who satisfies the threshold requirement of section 3582(c)(2) is entitled to a full resentencing, see, e.g., United States, v. Hicks, 472 F.3d 1167, 1173 (9th Cir. 2007), or merely to a reduction that reflects a mechanical substitution of the amended guideline for the original guideline, cf. Jordan, 162 F.3d at 5 (holding that a retroactive amendment that reduced the defendant's sentencing range did not authorize the district court to consider further reductions in the sentence predicated on an argument that was unavailable at the original sentencing).