# United States Court of Appeals
## For the First Circuit

No. 08-1321

UNITED STATES OF AMERICA,

Appellee,

v.

FELIPE AYALA-PIZARRO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Judith H. Mizner, Assistant Federal Public Defender, for appellant.
Aixa Maldonado-Quiñones, Assistant United States Attorney, with whom Thomas P. Colantuono, United States Attorney, was on brief, for appellee.

December 23, 2008

**SELYA**, **Circuit Judge**. By amendment, the United States Sentencing Commission lowered the offense levels associated with crack cocaine offenses. See USSG App. C, Amend. 706 (2007). The Commission thereafter issued a declaration of retroactivity with respect to those lowered offense levels. See USSG App. C, Amend. 713 (Supp. May 1, 2008). Focusing on Amendment 706, defendant-appellant Felipe Ayala-Pizarro moved for a reduction of his previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] The district court found that it lacked authority to reduce the sentence, and Ayala-Pizarro appeals.

Because Ayala-Pizarro's single-issue appeal poses a question substantially identical to that posed in a second, unrelated case, United States v. Caraballo, we consolidated the two appeals for oral argument. We heard argument on November 5, 2008. We elected, however, to issue separate opinions in the two cases.

The opinion in Caraballo issued on December 22, 2008. See United States v. Caraballo, ___ F.3d ___ (1st Cir. 2008) [No. 08-1555]. In that decision, we held that if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence cannot be deemed to

_____

[1] Ayala-Pizarro filed his motion on January 28, 2008, even though the Sentencing Commission's declaration of retroactivity was not effective until March 3, 2008. Nevertheless, the order denying the motion was not entered on the district court docket until May 12, 2008. Under the circumstances, we regard the premature filing of the motion as inconsequential.

have been "based on" that range within the intendment of section 3582(c)(2).  Id. at ___ [slip op. at 9].  Thus, because Caraballo was sentenced as a career offender rather than as a crack cocaine offender, id. at ___ [slip op. at 11], Amendment 706 did not pave the way for a sentence reduction even though his underlying offenses were crack cocaine offenses.  See id. at ___ [slip op. at 11].

Ayala-Pizarro, who was charged with crack cocaine offenses but was sentenced as a career offender, is situated the same as Caraballo in all material respects.  Accordingly, this case is controlled by our decision in Caraballo.

To be sure, there are two arguable differences between the cases.  To avoid any misunderstanding, we briefly address them.

First, the original sentencing in Caraballo took place under an advisory guidelines regime, that is, after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245-46 (2005), whereas the original sentencing in Ayala-Pizarro took place under a mandatory, pre-Booker guidelines regime.  But as we made pellucid in Caraballo, Booker has no effect on whether a career offender's sentence not "based on" a lowered sentencing range for an underlying offense opens the gate for a sentence reduction under section 3582(c)(2).  See Caraballo, ___ F.3d at ___ [slip op. at 9-10].

Second, Caraballo received a non-guideline sentence predicated primarily on his deteriorating health. Id. at ___ [slip op. at 11-12]. In contrast, Ayala-Pizarro received a within-the-range sentence. We fail to grasp how this difference works any meaningful distinction between the two cases with respect to the availability of a sentence reduction under section 3582(c)(2).

We need go no further. The appellant's argument in this case is, for all practical purposes, congruent with Caraballo's argument: that he was originally sentenced based on a sentencing range that was lowered by the retroactive crack cocaine amendment to the drug quantity table. Here, as in Caraballo, the drug type was alluded to in the course of constructing the defendant's sentence but, ultimately, the sentence actually imposed was based on a sentencing range derived from the career offender guideline. It follows inexorably that, for the reasons elucidated in Caraballo, we must reject Ayala-Pizarro's appeal.

**Affirmed.**