

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# USA v. Quentin Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Quentin Miller" (2009). *2009 Decisions*. Paper 1644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3079
_____

UNITED STATES OF AMERICA,

Appellee,

v.

QUENTIN MILLER,
also known as "Q"

QUENTIN MILLER,

Appellant.


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-96-cr-00021-001)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

Filed: March 30, 2009
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Quentin Miller appeals the District Court's denial of his motion for reduced sentence under 18 U.S.C. § 3582(c). We will affirm.

I.

Because we write exclusively for the parties, we recount only those facts necessary to our decision.

Miller pleaded guilty in 1996 to conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846. Under the Sentencing Guidelines in effect at that time, the probation office calculated a base offense level of 34. USSG § 2D1.1. However, because Miller was over the age of 18 at the time and had at least two prior convictions for controlled substance offenses, he qualified as a career offender, which increased his offense level to 37 and put him in Criminal History Category VI. USSG § 4B1.1. After a three-level deduction for acceptance of responsibility pursuant to USSG § 3E1.1, Miller's offense level became 34, which yielded a Guidelines range of 262 to 327 months. In light of Miller's substantial assistance to the Government, the District Court granted a downward departure pursuant to USSG § 5K1.1, yielding a final Guidelines range of 188 to 235 months. The District Court sentenced Miller to 216 months imprisonment.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in USSG § 2D1.1(c). The effect of Amendment

2

706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. The Commission made this amendment retroactively applicable, effective March 3, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 713 (2008).

After Amendment 706 was made retroactive, Miller moved *pro se* for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court found that a reduction in sentence was not authorized by § 3582(c)(2) because Miller had been sentenced as a career offender and Amendment 706 did not lower his applicable Guidelines range.

## II.

We review *de novo* a district court's interpretation of statutory requirements, including the Sentencing Guidelines. *United States v. Williams*, 344 F.3d 365, 377 (3d Cir. 2003).

Section 3582(c) authorizes district courts to grant a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission issued a policy statement, USSG § 1B1.10, which states that, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.

3

§ 3582(c)(2)." USSG § 1B1.10(a)(1).  Sentence reductions are prohibited, however, where the amendment "does not have the effect of lowering the defendant's applicable guideline range."  USSG § 1B1.10(a)(2)(B).  Furthermore, the Application Note to USSG § 1B1.10 states, in relevant part: "a reduction . . . is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."  USSG § 1B1.10 cmt. n.1(A).

Thus, Miller is eligible for a sentence reduction under § 3582 only if his Guidelines range is changed by an amendment enacted by the Sentencing Commission. In this case, however, Miller's Guidelines range was dictated by his career offender status.  Although Amendment 706 would reduce Miller's base offense level from 34 to 32, the Amendment did not affect Miller's Guidelines range because he was sentenced as a career offender under USSG § 4B1.1.  Therefore, § 3582 and USSG § 1B1.10 render Amendment 706 unavailing to Miller. [1]

Furthermore, the fact that Miller has obtained a downward departure pursuant to USSG § 5K1.1 does not change our analysis.  The District Court granted a three-level departure, yielding a final offense level of 31 and a Guidelines range of 188 to 235

---

[1] Our sister courts of appeals have held that district courts are not authorized to reduce the sentences of defendants sentenced as career offenders because Amendment 706 does not alter their Guidelines ranges.  *See United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009); *United States v. Caraballo*, 552 F.3d 6, 11 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

months.  The starting point for that departure, however, was the offense level of 37, as determined by Miller's career offender status.  Amendment 706 does not alter this Guidelines range calculation and therefore the District Court did not have authority to modify Miller's sentence thereunder.

III.

Given the applicability of the career offender provision, Miller has failed to establish the threshold requirement of § 3582(c)(2) because he cannot show that Amendment 706 had the effect of lowering his Guidelines range.  Accordingly, the District Court lacked authority to modify the sentence.  We will affirm.