

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# USA v. Michael Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2871

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Michael Jackson" (2009). *2009 Decisions.* Paper 1580.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1580

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-2871

———

UNITED STATES OF AMERICA

v.

MICHAEL A. JACKSON,
                Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-96-cr-00200-001)
District Judge: Honorable Malcolm Muir

———

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

Before:  SLOVITER and HARDIMAN, Circuit Judges, and
POLLAK*, District  Judge

(Filed: April 6, 2009)

———

OPINION

———

SLOVITER, Circuit Judge.

_____

    * Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

Appellant Michael A. Jackson appeals the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

**I.**

In 1997, Jackson was convicted by a jury of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Jackson was responsible for approximately 114 kilograms of cocaine powder and 321 grams of cocaine base. Pursuant to the Sentencing Guidelines, these amounts were converted into equivalent amounts of marijuana so that the quantities of cocaine powder and cocaine base could be added for purposes of calculating the applicable guidelines range. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1 cmt. n.6.[1] Thus, Jackson was deemed responsible for 29,220 kilograms of marijuana equivalent: 22,800 kilograms of marijuana equivalent for the cocaine powder and 6,420 kilograms of marijuana equivalent for the cocaine base.

Based on this calculation, Jackson's base offense level under U.S.S.G. § 2D1.1(c)(2) was thirty-six. We note that Jackson would have faced the same base offense level under U.S.S.G. § 2D1.1(c)(2) even if the cocaine base were entirely omitted from the Guidelines calculation. Jackson's offense level was increased two levels for possession of a firearm during the offense, for a total offense level of thirty-eight.

Jackson was also deemed a career offender, but because his otherwise applicable

---

[1]Jackson's sentence was calculated pursuant to the 1995 edition of the Sentencing Guidelines.

offense level was greater than the offense level provided by the career offender guideline, Jackson's offense level was not based on the career offender guideline. Under U.S.S.G. § 4B1.1, Jackson had a criminal history category of VI. Thus, Jackson faced a Guidelines range of 360 months to life imprisonment, and the District Court imposed a bottom-of-the-range sentence of 360 months.

Jackson filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction, relying on Amendment 706 to the Sentencing Guidelines, which generally reduced the base offense levels for crack cocaine offenses under § 2D1.1(c) by two levels and was made retroactive by Amendment 713. *See* U.S.S.G. app. C, amend. 706 (Nov. 1, 2007), U.S.S.G. app. C, amend. 713 (Mar. 3, 2008). The District Court denied the motion because, "[a]lthough the offense involved some cocaine base . . . [,] that substance had no impact on the computation of the sentencing guidelines. If the guideline calculation was based solely on the quantity of cocaine powder, his total offense level would remain 38 with a guideline imprisonment range of 360 months to life." App. at 2a.[2]

## II.

A district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

---

[2] The District Court had jurisdiction over Jackson's motion pursuant to 18 U.S.C. §§ 3231 and 3582. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's legal conclusions, including its interpretation of the Guidelines. *See United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008).

3

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As we recently explained, "[t]o be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level." *United States v. Mateo*, – F.3d – , No. 08-3249, 2009 WL 750411, at *2 (3d Cir. Mar. 24, 2009) (emphasis in original). Further, "'[t]he term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" *Id.* (alteration in original) (quoting *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008)). "Therefore, pursuant to the statute, 'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.'" *Id.* (quoting *Caraballo*, 552 F.3d at 10).

In *Mateo*, we concluded that a defendant who had pled guilty to a crack cocaine offense but was sentenced pursuant to the career offender guideline could not obtain a sentence reduction pursuant to § 3582(c)(2) because "Amendment 706 only affects calculation under [U.S.S.G.] § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Id.* (citing *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008)).

Jackson, unlike Mateo, was sentenced pursuant to § 2D1.1(c). However, as noted above, Jackson's base offense level remains thirty-six based solely on the amount of cocaine powder for which Jackson was responsible. Amendment 706, which applies only

4

to cocaine base, does not have the effect of lowering Jackson's sentencing range and therefore Jackson is ineligible for a sentence reduction under § 3582(c)(2). "Had Amendment 706 been in effect when [Jackson] was sentenced, 'that provision would not have had any effect on the sentencing range actually used . . . . Thus[,] Amendment 706 did not lower [Jackson's] actual sentencing range.'" *Mateo,* 2009 WL 750411, at *3 (alterations added) (quoting *Caraballo*, 552 F.3d at 11).

Further, this conclusion is consistent with the Sentencing Guidelines. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). "In making such determination, the court shall substitute only the [applicable] amendments . . . for the corresponding guideline provisions . . . and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). As noted above, if we substitute Amendment 706 "for the corresponding guideline provisions" applicable at the time that Jackson's sentence was imposed and "leave all other guideline application decisions unaffected," *id.*, then Jackson's sentencing range remains the same and a reduction is excluded by U.S.S.G. § 1B1.10(a)(2).

Finally, Jackson's reliance on *United States v. Booker*, 543 U.S. 220 (2005) is misplaced. As we explained in *Mateo*: "'[N]othing in [*Booker*] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent

changes in the Guidelines.'" *Mateo*, 2009 WL 750411, at *3 (quoting *United States v. Wise*, 515 F.3d 207, 221, n.11 (3d Cir. 2008) (first alteration added)). Thus, because Jackson's sentencing range was not lowered by Amendment 706 within the meaning of § 3582(c)(2) or the Guidelines, Jackson is ineligible for a sentence reduction.

## III.

For the above-stated reasons, we will affirm the denial of Jackson's motion for a reduced sentence.