**Dante Renault WILLIAMS, aka James Trice, aka Pierre;**

v.

**UNITED STATES of America, Dante Renault Williams, Appellant.**

No. 08–4225.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 1, 2009.

Filed: July 7, 2009.

Mark A. Sindler, Esq., Pittsburgh, PA, for Dante Renault Williams.

Donovan J. Cocas, Assistant U.S. Atty., Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellant.

Before: FISHER, CHAGARES, Circuit Judges, and DIAMOND, District Judge *.

---

* The Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Dante Williams appeals from an order of the District Court denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Williams sought a reduction in his sentence based on the Sentencing Commission's recent amendments to the Sentencing Guidelines that retroactively lowered the base offense levels for crack cocaine offenses. Williams was convicted, in part, of a drug offense involving crack cocaine, but his sentencing range was ultimately calculated based on his status as a career offender. Because the crack cocaine amendments do not lower Williams's applicable sentencing range, the District Court did not err in refusing to modify Williams's sentence. We will, therefore, affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the essential facts.

On February 18, 1994, Dante Williams pled guilty to distribution and possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), as well as money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2). Williams was sentenced as a career offender under U.S.S.G. § 4B1.1 under the mandatory sentencing guidelines regime then in effect. His offense level was calculated at 34, with a criminal history category of VI, amounting to a guidelines range of 262–327 months of imprisonment. The sentencing court sentenced Williams to a prison term of 264 months on the drug charges and 240 months on the money laundering charge, to run concurrently. Williams did not file a direct appeal.

In 1997, Williams sought a reduction in his sentence pursuant to 18 U.S.C. § 3582. The sentencing court denied that motion on September 30, 1997. Thereafter, in November, 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c). U.S.S.G. Supp. to App. C, Amend. 706 (Nov. 1, 2007). The effect of Amendment 706 was to decrease by two levels the base-offense sentencing levels for crack cocaine offenses. *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009); *United States v. Wise,* 515 F.3d 207, 218 (3d Cir.2008). The Sentencing Commission later determined that Amendment 706 was to be applied retroactively. U.S.S.G. § 1B1.10(c) (Supp. March 3, 2008). Williams then filed a new motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking a full resentencing.[1]

The District Court denied Williams's motion on September 30, 2008, finding that Amendment 706 does not reduce the sentencing range applicable to Williams because the sentencing court had calculated his guidelines range under U.S.S.G. § 4B1.1, the career-offender provision. The District Court further held that, even if Williams was entitled to the benefit of the retroactive amendment, the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160

---

1. Section 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)." 18 U.S.C. § 3582(c)(2). A court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

L.Ed.2d 621 (2005) did not render the Sentencing Guidelines advisory for retroactive prison term reductions through the collateral vehicle of 18 U.S.C. § 3582(c)(2).

## II.

We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review de novo a district court's interpretation of the criminal statutes, *see United States v. Howerter*, 248 F.3d 198, 200 (3d Cir.2001), as well as the construction of the Sentencing Guidelines, *see United States v. Wood*, 526 F.3d 82, 85 (3d Cir.2008).

## III.

Williams argues that his sentence should be reduced because that sentence was "based on" the crack cocaine offense to which he pleaded guilty, the base offense level of which was lowered by the Sentencing Commission. Williams further argues that a district court adjusting a sentence pursuant to § 3582(c)(2) must also treat the amended Guidelines range as advisory, and impose a sentence based on the procedures set forth in the *Booker* line of cases to ensure that his sentence is "sufficient but not greater than necessary" under 18 U.S.C. § 3553(a). We disagree.

This Court's opinion in *United States v. Mateo* forecloses the relief that Williams now seeks. There, we reasoned that, to be entitled to a reduction of sentence under § 3582(c)(2), "a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level." 560 F.3d at 154 (citing U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

If the sentencing court sentenced Williams under § 2D1.1(c), the crack cocaine amendment would serve to lower Williams's base offense level. Here, however, the sentencing court determined Williams's sentencing range using the alternative career offender provisions. Because Williams was sentenced under

§ 4B1.1, and not § 2D1.1, he was not sentenced "based on" a sentencing range that was later lowered by the Sentencing Commission. *Mateo*, 560 F.3d at 155; see *United States v. Doe*, 564 F.3d 305, 309 (3d Cir.2009). Amendment 706 does not affect Williams's applicable sentencing range, and therefore, as in *Mateo*, § 3582(c)(2) does not authorize a reduction in his sentence. See 560 F.3d at 155; *see also United States v. Caraballo*, 552 F.3d 6, 10 (1 st Cir.2008).

Williams next relies on the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) for the proposition that, when considering a motion to reduce a sentence pursuant to § 3582(c), district courts have discretion to deviate from the advisory Guidelines where the Guidelines do not serve the goals of sentencing. We have previously held that *Booker* does not affect eligibility for a § 3582(c) sentence reduction. *See Doe*, 564 F.3d at 313–314; *Mateo*, 560 F.3d at 155 ("Section 3582(c) provides the only authority to reduce sentence here, and '[n]othing in [*Booker*] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines.'") (quoting *Wise*, 515 F.3d at 221 n. 11).

Because the District Court lacked statutory authority to provide Williams with the relief requested, it properly declined to conduct a review of the original sentence under the § 3553(a) sentencing factors.

## IV.

For the foregoing reasons, we will affirm the decision of the District Court.