**UNITED STATES of America**

v.

**Joseph DIFILIPPO, Appellant.**

No. 08–3798.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 21, 2009.

Opinion filed: July 22, 2009.

Francis P. Sempa, Office of United States Attorney, Scranton, PA, for United States of America.

Joseph DiFilippo, Minersville, PA, pro se.

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Joseph DiFilippo, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion to reduce his sentence under 18 U.S.C. § 3582©. We will affirm.

In February 2005, DiFilippo pled guilty to one count of distribution and possession with intent to distribute in excess of 50 grams of cocaine base, a crime for which the maximum statutory penalty is life imprisonment. *See* 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A)(iii). According to the pre-sentence report, DiFilippo ordinarily would have faced under the Sentencing Guidelines a total offense level of 29 based on a drug quantity of more than 50 grams and less than 150 grams of cocaine base, *see* U.S.S.G. § 2D1.1(c)(4), a two-level downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and a one-level downward adjustment for timely notice of intention to plead guilty, *see* U.S.S.G. § 3E1.1(b). As a career offender, however, DiFilippo's sentencing range was determined based on the table in U.S.S.G. § 4B1.1(b). *See United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009). That table provides that a career offender who faces a maximum penalty of life in prison has an offense level of 37. *See* U.S.S.G. § 4B1.1. Factoring in the same three-level downward adjustments, DiFilippo's total offense level was 34. With a mandatory Criminal History category of VI, *see* U.S.S.G. § 4B1.1(b), DiFilippo faced a Guidelines range of 262 to 327 months of imprisonment.

The government moved for a downward departure for substantial assistance under U.S.S.G. § 5K1.1, recommending a four-level departure to a Guideline range of 168 to 210 months of imprisonment. The District Court agreed that DiFilippo was a career offender, granted the government's motion for a downward departure, and ultimately imposed a prison sentence of 120 months, the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(iii). DiFilippo then filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to the Sentencing Commission's retroactive amendments to the crack cocaine Guidelines. The District Court denied the motion, and this appeal followed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's interpretation of the Guidelines is de novo, *see United States v. Sanchez,* 562 F.3d 275, 277–78 (3d Cir.2009), and we review a district court's exercise of its authority to reduce a sentence under § 3582(c)(2) for abuse of discretion. *See id.* at 277 & n. 4. Section 3582(c)(2) authorizes a district court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A sentence may be reduced under § 3582(c)(2) only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In addition, "the term 'applicable guideline range' in § 1B1.10(a)(2) refer[s] to the ... Guideline sentences as set by the statutory mandatory minimum." *United States v. Doe,* 564 F.3d 305, 311 (3d Cir.2009); *see also Mateo,* 560 F.3d at 155 (" '[t]he term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not

the series of tentative results reached at various interim steps in the performance of that calculus.'" (*quoting United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008))). "Therefore, pursuant to the statute, 'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.'" *Id.* at 155 (*quoting Caraballo*, 552 F.3d at 10).

In November 2007, the Sentencing Commission amended the crack cocaine guidelines, lowering the base offense levels for crack cocaine offenses under § 2D1.1© by two levels. *See Mateo*, 560 F.3d at 154. The Commission later declared that those amendments applied retroactively, effective as of March 3, 2008. *See id.; see also United States v. Wise*, 515 F.3d 207, 221 (3d Cir.2008). Importantly, however, the crack cocaine amendments generally will not lower the applicable Guidelines sentencing range under U.S.S.G. § 4B1.1(b) for career offenders. *See Mateo*, 560 F.3d at 154–55. When the "relevant alternative offense level listed in the table at U.S.S.G. § 4B1.1(b) is higher than the calculated offense level, § 4B1.1(b) requires that the higher offense level shall apply." *Mateo*, 560 F.3d at 153. "That usually will be the case, since the career offender guideline 'sets forth a tabulation of offense levels that are determined by reference to the statutory maximum sentences authorized for various offenses of conviction.'" *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir.2008) (*quoting United States v. Ventura*, 353 F.3d 84, 90 (1st Cir.2003)).

DiFilippo's base offense level as a career offender under § 4B1.1(b) was higher than the offense level calculated under § 2D1.1©. Therefore, the higher level applied, the crack cocaine amendments did not affect DiFilippo's sentencing range,

and § 3582(c)(2) does not authorize a sentence reduction. *See Mateo*, 560 F.3d at 155 (stating that the crack cocaine amendments "only affect[ ] calculation under § 2D1.1©, and the lowering of the base offense level under § 2D1.1© has no effect on the application of the career offender offense level required by § 4B1.1."). Accordingly, the District Court did not err in denying DiFilippo's motion to reduce his sentence.

We shall affirm the judgment of the District Court.