**UNITED STATES of America,**

v.

**Francisco LaBOY, Defendant.**

**Criminal No. 02–40003–NMG.**

United States District Court,
D. Massachusetts.

Sept. 15, 2009.

---

David H. Hennessy, U.S. Attorneys, Worccester, MA, for United States of America.

Timothy G. Watkins, Federal Defender's Office, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The petitioner pled guilty to Possession of Cocaine Base with Intent to Distribute, was sentenced as a Career Offender, later filed a motion, *pro se*, for reduction of his sentence pursuant to 18 U.S.C. § 3582 which was denied and now seeks reconsideration of that motion.

### I. *Background*

On February 6, 2002, the petitioner, Francisco LaBoy ("LaBoy"), was charged in a one-count indictment with Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) (1) and 841(b)(1)(A)(iii).

On April 14, 2003, LaBoy pled guilty to the charge against him and conceded in the plea agreement that he was a Career Offender. At his sentencing hearing held August 6, 2003, LaBoy was found to be a Career Offender with a Total Offense Level ("TOL") of 34 and a Criminal History Category ("CHC") of VI. The Court granted a motion for downward departure pursuant to U.S.S.G. § 5K2.13 (diminished capacity) and reduced defendant's TOL to 30 (Guideline range of 168 to 210 months). LaBoy was sentenced to 180 months in the custody of the Bureau of Prisons, followed by 60 months of supervised release.

On March 14, 2008, LaBoy, unaware that new counsel had been appointed for him, filed an 18 U.S.C. § 3582(c)(2) motion *pro se* which triggered the requirements of the Court's procedural order for handling motions under that statute. In accordance with that procedural order, a joint status memorandum was filed on May 5, 2008, in which the government took the position that the defendant was categorically ineligible for relief because of his career offender status while the defendant (then represented by counsel) responded that, because he had received a non-career offender sentence, he was eligible for a sentence reduction.

On May 27, 2008, the Court denied the motion for a reduction in sentence, noting that the recent amendment to the crack cocaine guidelines has no bearing upon the defendant's original sentence which was based upon the career offender guidelines.

On June 6, 2008, LaBoy, through counsel, submitted a motion for reconsideration. He argues that the Court construed the term "based [up]on" too narrowly when it held that the "defendant's original sentence was based upon the career offender guideline." LaBoy points out that other factors such as the defendant's diminished mental capacity (U.S.S.G. § 5K2.13) and the fact that defendant's likelihood of recidivism was overstated by his CHC (U.S.S.G. § 4A1.3) were also considered. After noting that those additional factors contributed to the Court's determination of the appropriate sentence, LaBoy argues that his sentence was demonstrably "based [up]on" more than the career offender guideline and, therefore, his case is

distinguishable from cases in which career offender guideline sentences were imposed. LaBoy finally requests that he be given an opportunity to research and brief the complicated legal issues presented in his case before the Court renders a decision.

On June 9, 2008, the government submitted an opposition to LaBoy's motion for reconsideration. The government argues that the defendant's motion should be denied because there has been no change in the facts or law with respect to this case, nor has the defendant established that the Court's May 27, 2008, Order rested on a clear error of law or that reconsideration is necessary to serve the interest of justice.

The government cites the First Circuit's decision in *United States v. Roberts,* 978 F.2d 17, 21 (1st Cir.1992), for the proposition that a court may reconsider a prior decision to serve the interests of justice but also cites two other cases, *Ecker v. United States,* 538 F.Supp.2d 331, 334 (D.Mass.2008), and *United States v. Allen,* No. 06–cr–10170, 2007 WL 1412563, at *2 (D.Mass. May 10, 2007), from this district to show that reconsideration should be granted only in very limited circumstances.

Finally, the government likens the defendant's request to the proverbial "second bite at the apple" and cites *United States v. Lewis,* No. 01–cr–00280, 2008 WL 591944, *1 (N.D.N.Y. Feb. 28, 2008) as a recent case in which a court, faced with a similar motion for reconsideration of the denial of the defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2), denied the motion for reconsideration as without merit.

On June 10, 2009, LaBoy responded to the government's opposition. He contends that this case is not at all like *Lewis* because the defendant in that case was represented by counsel who filed a motion on the defendant's behalf and advocated his position at a hearing. *See* 2008 WL 591944 at *1. LaBoy asserts that he is not seeking a second bite at the apple and but simply requests that he be given the opportunity to be heard through counsel before the Court renders a decision on the merits of the case.

## II. *Analysis*

### A. Legal Standard

■ Since *United States v. Caraballo,* 552 F.3d 6 (1st Cir.2008), it is now settled law in this circuit that the crack cocaine sentence reduction authorized by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 does not apply to a defendant sentenced under the Career Offender provisions of U.S.S.G. § 4B1.1. In that case the First Circuit held that a defendant ultimately sentenced as a career offender, although convicted of a drug-trafficking offense involving crack cocaine, does not benefit from the crack cocaine sentence reduction legislation. 552 F.3d at 6.

### B. Application

■ In applying the crack cocaine reduction, courts must first determine under what guideline the defendant was sentenced, typically either the crack cocaine guideline or the career offender guideline. *See Caraballo,* 552 F.3d at 6; *United States v. Jefferson,* No. 05–cr–10314, 2009 WL 541335 (D.Mass. Mar. 5, 2009); *United States v. Ware,* No. 05–cr–282–01, 2008 WL 906410 (D.N.H. Apr. 3, 2008). A defendant sentenced under the career offender guidelines is ineligible for the crack cocaine sentence reduction legislation. 552 F.3d at 6.

In the present case, the defendant was admittedly sentenced "based [up]on" his status as a career offender but argues that because of the additional factors upon

which his sentence was also based, namely his diminished mental capacity (U.S.S.G. § 5K2.13) and the unlikelihood of recidivism, he is eligible for the crack cocaine sentence reduction. The defendant cites no precedent supporting his argument and intuitively it makes no sense. The guidelines that defendant's sentence was "based upon", i.e., career offender, diminished mental capacity and the inadequacy of the determined Criminal History Category, have not been altered by the crack cocaine sentence reduction legislation. There is no relationship between the career offender guideline and the factors for which the Court downwardly departed on the one hand and the crack cocaine guideline on the other. Therefore, the defendant is ineligible for a 18 U.S.C. § 3582(c)(2) reduction.

### ORDER

In accordance with the foregoing, La-Boy's motion for reconsideration (Docket No. 63) is **DENIED.**

**So ordered.**