**UNITED STATES of America**

v.

**Elliot SIMON, Appellant.**

**No. 08–4487.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 8, 2010.

Opinion Filed: March 9, 2010.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Elliot Simon, Forrest City, AR, pro se.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

## OPINION

PER CURIAM.

Elliot Simon, proceeding pro se, appeals from the District Court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). For the reasons that follow, we will affirm the District Court's order.

### I.

In February 2000, Elliot Simon pleaded guilty under a written plea agreement to conspiracy to distribute, and possession with intent to distribute, more than fifty grams of crack cocaine in violation of 18 U.S.C. § 846, contrary to 18 U.S.C. § 841(a)(1). At Simon's sentencing hearing, the District Court adopted the factual findings and United States Sentencing Guideline ("U.S.S.G.") applications contained in the Pre–Sentence Report ("PSR"). The PSR stated that the base offense level for Simon's crime was 32 under U.S.S.G. § 2D1.1. The statutory mandatory minimum of incarceration was 240 months. However, as a career offender, Simon's sentencing range was determined based on the table in U.S.S.G. § 4B1.1(b), which provided that his base offense level was 37. Factoring in a three-level downward adjustment for acceptance of responsibility, Simon's total offense level was 34. With a mandatory Criminal History category of VI, *see* U.S.S.G. § 4B1.1(b), the Sentencing Guideline range for imprisonment was 262 to 327 months. After accepting the government's motion for a downward departure below the mandatory minimum due to Simon's substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, the District Court ultimately sentenced Simon to 168 months' imprisonment.

In 2008, Simon filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 to the Sentencing Guidelines, which reduced by two levels the base offense level for most crack cocaine offenses. On November 5, 2008, the District Court entered an order denying Simon's motion. This appeal followed.

### II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the question of whether a reduction of sentence is warranted for abuse of discretion. *United States v. Styer,* 573 F.3d 151, 153 (3d Cir.2009).

In November 2007, the Sentencing Commission issued Amendment 706, which lowered "the base offense level for crack cocaine offenses under U.S.S.G. § 2D1.1(c) by two levels." *United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009). The Com-

mission later declared that the Amendment applied retroactively. *Id.* The vehicle for already-sentenced defendants who seek a shorter sentence based on Amendment 706 is a motion under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) authorizes a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence may be reduced under this authority only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

"The applicable policy statement instructs that any reduction in sentence is ... not authorized by 18 U.S.C. § 3582(c)(2) if an amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Mateo,* 560 F.3d at 154 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). The Sentencing Guidelines also provide that if "the offense level for a career offender ... is greater than the offense level otherwise applicable, the [career offender] offense level ... shall apply." U.S.S.G. § 4B1.1(b). "That usually will be the case, since the career offender guideline sets forth a tabulation of offense levels that are determined by reference to the statutory maximum sentences authorized for various offenses of conviction." *United States v. Caraballo,* 552 F.3d 6, 10 (1st Cir.2008) (internal quotation and citation omitted).

Simon's base offense level as a career offender under § 4B1.1(b) was higher than the base offense level calculated under § 2D1.1(c). The District Court therefore utilized the career offender guidelines to determine that Simon's offense level was 34, which in turn mandated his Guideline sentence range. Accordingly, Amendment 706 affords Simon no relief because lowering the base offense level under § 2D1.1(c) would have no effect on the sentencing range applicable to him. *See Mateo,* 560 F.3d at 154–55.

Simon argues that because he received a downward departure that brought his sentence below the mandatory minimum for career offenders, he was not actually sentenced under § 4B1.1. Although Simon received a non-Guideline sentence, this had no effect on the sentencing range applicable to his case, as the variance was granted "*after* the court ... established an appropriately calculated Guideline sentencing range." *Caraballo,* 552 F.3d at 11. And because "[i]t is the sentencing range that must be lowered by an amendment in order to engage the gears of section 3582(c)(2)," Simon's argument cannot succeed.[1] *Id.; United States v. Williams,* 551 F.3d 182 (2d Cir.2009). *Cf. United States v. McGee* 553 F.3d 225, 227 (2d Cir.2009) (holding that a career offender who was granted a downward departure below the career offender range qualified for a reduced sentence because "the district court explicitly stated that it was departing from the career offender sentencing range to the level that the defendant would have been in absent the career offender status calculation and consideration").

The facts here demonstrate that the District Court did not abuse its discretion in denying Simon's motion to reduce his sentence. Accordingly, we will affirm the District Court's November 5, 2008 order.

---

1. We also note that even if Simon had established his eligibility for a sentence reduction under § 3582(c)(2), the Sentencing Guidelines state that "a further reduction generally would not be appropriate" if the original sentence is a downwardly variant non-Guideline sentence. U.S.S.G. § 1B1.10(b)(2)(B).