United States v. Pierce                    00-CR-066-SM   10/21/10

UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


United States of America,
        Government

        v.                                  Case No. 00-cr-66-1-SM
                                            Opinion No. 2010 DNH 185
Keone Pierce,
        Defendant


                              O R D E R


        Following the decision in United States v. Caraballo, 552

F.3d 6 (1st Cir. 2008), it was generally thought that a defendant

previously sentenced as a career offender under the Sentencing

Guidelines was not eligible for the downward sentence adjustment

allowed under the later-enacted, and retroactive, crack cocaine

guideline amendments.  See 28 U.S.C. § 994(u); U.S.S.G. app. C,

amend. 706 and 713.  In United States v. Cardosa, 606 F.3d 16

(1st Cir. 2010), however, the court of appeals construed and

clarified its decision in Caraballo, explaining that "where the

defendant's existing sentence was ultimately determined by the

old crack cocaine guidelines rather than by the career offender

guideline, resentencing [under the amendments] is within the

discretion of the district court."  Id., at 21 (emphasis in

original).

So, where, as here, the career offender guidelines applied in determining defendant's sentencing range, but the court imposed a lower sentence than those guidelines provided for, and it is not clear from the record whether the imposed sentence was "ultimately determined" by the old crack guidelines (as that phrase is used in <u>Cardosa</u>) or the career offender guidelines, the sentencing judge should determine whether the imposed sentence was or was not ultimately "based on" the crack cocaine guidelines.  If it was, then the defendant is at least eligible for the downward adjustment.

In this case, before <u>Cardosa</u> was decided, I denied defendant's motion for sentence relief under the crack cocaine amendments, on grounds that defendant was ineligible, having been previously sentenced as a career offender, albeit to a sentence involving a downward departure, based upon his comparatively less serious criminal history.  The imposed sentence, however, was "ultimately determined" (in a sense) by the crack cocaine guidelines then in effect (i.e., the imposed sentence corresponded to the range that would have applied absent defendant's career offender status).  Under <u>Cardosa's</u> approach to resolving whether the imposed sentence was "ultimately determined" by the old crack amendment guidelines, it seems plain

that it was.  Accordingly, defendant is entitled to consideration under the retroactive guidelines amendments.

The government shall, within ten (10) days of the date of this order, file an objection, if it has one, to the court's granting defendant relief under the retroactive guidelines amendments.

     **SO ORDERED.**

                 _____
                 Steven J. McAuliffe
                 Chief Judge

October 21, 2010

cc:  Keone Pierce, pro se
     Mark A. Irish, AUSA
     U.S. Marshal
     U.S. Probation

3