**Not for Publication in West's Federal Reporter.**

# United States Court of Appeals
## For the First Circuit

No. 04-1477

UNITED STATES OF AMERICA,

Appellee,

v.

CLINT JOSEPH,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Torruella and Lynch, Circuit Judges,
Stafford,* Senior District Judge.

Elaine Mittleman on brief for appellant.
Aixa Maldonado-Quiñones, Assistant United States Attorney, and
Thomas P. Colantuono, United States Attorney, on brief for
appellee.

May 23, 2008

---

* Of the Northern District of Florida, sitting by
designation.

**Per Curiam**. This is a sentencing appeal. Clint Joseph pled guilty in December 2003 to possession with intent to distribute five grams or more of cocaine base. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). On March 19, 2004, he was sentenced to eighty-seven months' imprisonment, five years of supervised release, and a special assessment of $100. The sentence was at the low end of the Guidelines range. The court rejected Joseph's argument that he receive the mandatory minimum sentence of sixty months.

The sentence was imposed before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Joseph's first argument is that his sentence should be vacated and the case remanded to the sentencing court under Booker. But Joseph plainly does not meet the standards for such a remand under the circuit's plain error standard for unpreserved claims of Booker error, set out in United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). We affirm his sentence.

Joseph also argues the case should be remanded in light of two arguments he has never presented to the district court. First, he argues that he should be resentenced in light of a recent amendment to the Sentencing Guidelines reducing the base offense level for most crack cocaine offenses. See U.S.S.G. § 2D1.1; id. app. C, amend. 711 (effective Nov. 1. 2007). On March 3, 2008, this amendment to the Guidelines was made retroactive, which allows

defendant to file a post-sentencing motion with the district court to modify his sentence under 18 U.S.C. § 3582(c)(2). See id. § 1B1.10. Second, he argues that the Guideline which makes the amendment retroactive, section 1B1.10, is itself unconstitutional, because according to Joseph, the provision provides limitations on the court's discretion once the court calculates the amended Guidelines range.

If Joseph so chooses, he may file appropriate motions to raise these issues in the district court. Nothing in this judgment precludes that. We simply affirm his original sentence and remand the matter to the district court to entertain any motions defendant may promptly file. See United States v. Connell, 960 F.2d 191, 197 (1st Cir. 1992).

So ordered.