**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-2035

UNITED STATES OF AMERICA,

Appellee,

v.

CLINT JOSEPH,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr. U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Jonathan R. Saxe, Assistant Federal Public Defender, on brief for appellant.
Aixa Maldonado-Quiñones, Assistant United States Attorney, and Thomas P. Colantuono, United States Attorney, on brief for appellee.

June 16, 2009

**Per Curiam**. This is the defendant's appeal from the district court's discretionary denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the retroactively amended crack guidelines. As discussed more fully below, because the district court acted within its discretion in denying a sentence reduction, primarily because of the defendant's misconduct while incarcerated, we summarily affirm the district court's order denying the reduction.

For these purposes, we accept the parties' agreement that the defendant's eligibility for a sentence reduction is undisputed. Thus, the only issue before us is whether the district court abused its discretion in denying a reduction under the circumstances presented here. See United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008) (stating applicable standard of appellate review), cert. denied, 129 S. Ct. 1929 (2009).

In denying a reduction, the district court expressly "t[ook] into account all of the facts and circumstances of this case up to the time of the original sentencing, public safety considerations, the post-sentencing conduct of the defendant, and the factors set forth in [18 U.S.C. §] 3553(a)." Based on those appropriate considerations, see USSG § 1B1.10, comment. (n.1(B)) (eff. Mar. 3, 2008); United States v. Borden, 564 F.3d 100, 103 (2d Cir. 2009), the court concluded "that the defendant's sentence should not be reduced because the defendant remains at a high risk

of recidivism, he poses a threat to the safety of the community, and he has failed to engage in the ordinary rehabilitative efforts that are expected of a prisoner prior to being released into the community" and that the 87-month sentence originally imposed therefore remained sufficient but not greater than necessary. Those conclusions were based on uncontested evidence that, while incarcerated, the defendant refused to participate in drug-treatment, GED, and release-preparation programs recommended by prison staff, refused to follow through on recommendations to obtain work, repeatedly disobeyed orders of prison officials thereby interfering with prison operations and jeopardizing prison security, and twice threatened prison officials with physical harm.

The court expressly considered the defendant's argument, reiterated on appeal, that he had already been punished for his disciplinary infractions. As grounds for rejecting that argument, the court reasoned that "the Sentencing Commission was undoubtedly aware of the fact that prisoners who violate disciplinary rules are subject to disciplinary action when it provided in the application notes to Section 1B1.10 that the court shall consider public safety and may consider post-sentencing conduct in determining whether a reduction is warranted and the extent of such reduction." Id. at 3 (referring to USSG § 1B1.10, comment. (n.1(B)). The court further explained that "[t]he mere fact that the defendant has been disciplined for his conduct does not mitigate the seriousness of

-3-

that conduct when viewed from the perspective of public safety or obviate the need on his part to engage in ordinary rehabilitative efforts that are indicative of a prisoner's preparation to re-enter society as a law abiding citizen." Those remarks echoed the court's warning at the defendant's original sentencing that if the defendant did not begin to deal with his long-standing drug problem while incarcerated, "then in the end, it will deal with you." We see nothing unreasonable or arbitrary in that analysis.

The court also implicitly rejected the defendant's argument, also reiterated on appeal, that he was not a threat to public safety because, once he had served his prison term, he would be detained and subject to deportation. As grounds for rejecting that argument, the court implicitly adopted the government's counter-argument that, even if detained and ultimately deported, the defendant would still pose a threat to immigration authorities until deported and to the public in his native country after that. That rationale is not unreasonable either. See generally United States v. Jiménez-Beltre, 440 F.3d 514 at 519, 520 (1st Cir. 2006) (en banc) (rejecting a similar argument and stating that "a [sentencing] court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did").

The defendant's primary argument on appeal is that the district court placed too much emphasis on his post-sentencing

conduct and too little on various purportedly mitigating factors, which factors, he argues, rendered his original sentence too high. However, the weight to be given to various factors is for the district court to determine and not for an appellate court to second-guess. United States v. Pulido, 2009 WL 1395838, at *11 (1st Cir. May 20, 2009); United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). And a section 3582(c)(2) proceeding is not the forum for relitigating the propriety of the defendant's original sentence. See USSG § 1B1.10(b)(1) (providing that, in such proceedings, "the court shall substitute only the [relevant retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

That the district court referred to the defendant's original guideline range as "advisory" even though the defendant was sentenced before United States v. Booker, 543 U.S. 220 (2005), when the guidelines were considered mandatory, is of no consequence. From the record of the section 3582(c)(2) proceedings, it is obvious that the district court was aware that it had originally sentenced the defendant before Booker. As recounted in the defendant's memorandum in support of his request for a sentence reduction, the defendant had previously sought a remand for resentencing for that very reason. See United States v. Joseph, 278 F. App'x 1, 1 (1st Cir. May 23, 2008) (per curiam)

(unpublished).  Moreover, although the guidelines were mandatory when the defendant was originally sentenced, the district court expressly considered the section 3553(a) factors, including the defendant's need for deterrence and rehabilitation, in declining to depart downward from the otherwise applicable guideline range. Thus, contrary to the defendant's contention, the district court considered those factors both at the defendant's original sentencing and in the section 3553(a) proceedings.

Accordingly, the district court's order denying a sentence reduction is <u>summarily affirmed</u>.  <u>See</u> 1st Cir. R. 27.0(c).