OPINION

SLOVITER, Circuit Judge.
Appellant Jonas Gillespie pled guilty in the United States District Court for the Western District of Pennsylvania to (1) conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); (3) possession with the intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1); (4) use of and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court sentenced Gillespie to 322 months incarceration — 262 months for the drug trafficking and felon in possession of a firearm offenses, and sixty additional months for using and carrying a firearm in furtherance of the drug-trafficking crime. Six years later, the District Court vacated the consecutive sixty-month term resulting from Gillespie’s 18 U.S.C. § 924(c)(1) violation, thereby reducing Gillespie’s total sentence to 262 months. In arriving at Gillespie’s sentence, the District Court treated Gillespie as a “career offender” pursuant to U.S.S.G. § 4B1.1.[1] In April 2008, Gillespie filed a *758 pro se motion seeking a reduced sentence, which the District Court denied. We will affirm.[2]
I.
The District Court did not err in calculating Gillespie’s Guidelines sentence.[3] Section 4B1.1, at the time of Gillespie’s sentencing and now, mandates that a career offender’s offense level be calculated in conjunction with the statutory maximum of the instant offense. In Gillespie’s case, this resulted in a base offense level of thirty-seven, which after a three-level reduction for acceptance of responsibility, led to a total offense level of thirty-four, and a criminal history of VI because of his career offender status. Under § 4B1.1, “if the offense level for a career offender ... is greater than the offense level otherwise applicable, the offense level from [the career offender subsection] shall apply.” U.S.S.G. § 4B1.1 (1993). Thus, because the offense level mandated by the career offender provision, thirty-four, was higher than that required for the offenses to which Gillespie pled guilty, his sentence was calculated in compliance with the career offender guideline.
In his appeal from the District Court’s denial of his motion for a reduction of his sentence, Gillespie relies on 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a defendant’s sentence if the “defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission....” He argues here, as he did in the District Court, that his sentence was based in part on the crack cocaine guidelines of U.S.S.G. § 2D 1.1, which were reduced in 2007 when the Sentencing Commission adopted Amendment 706. Amendment 706, later made retroactive by the Sentencing Commission, changed the drug quantity table in U.S.S.G. § 2D1.1 to decrease by two the base-offense level assigned to each threshold quantity of cocaine base. See U.S.S.G. § 2D1.1; U.S.S.GApp. C, Amend. 706 (Nov. 1, 2007).
II.
Notwithstanding the extensive statutory analyses in Gillespie’s brief, his sentence was not, as he avers, “based in part or at least to some extent influenced by,” the crack cocaine guidelines. Appellant’s Br. at 24. Gillespie’s argument is flawed because, as the District Court explained, his sentence was based entirely on the career offender provision. This court recently held in United States v. Mateo, 560 F.3d 152, 155 (3d Cir.2009), that a district court has no authority under 18 U.S.C. § 3582(c)(2) to reduce a career offender’s sentence pursuant to Amendment 706. Gillespie’s base offense level is 34 as mandated by the career offender provision, and unaffected by Amendment 706. Accordingly, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in his sentence. To put it simply, Amendment 706 “ ‘provides no benefit to career offenders.’” Mateo, 560 F.3d at 155 (quoting United States v. Forman, 553 F.3d 585, 589 (7th Cir.2009)). Accord United States v. Caraballo, 552 F.3d 6, 11 (1st Cir.2008); United States v. Sharkey, 543 F.3d 1236, 1238-39 (10th Cir. *759 2008); United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir.2008).
III.
For the above-stated reasons, we will affirm the District Court’s order denying Gillespie’s motion requesting reduction of sentence.

. Gillespie met the criteria for a career offender because he was 33 years old when he *758 committed the offenses in this case; some of the felonies in this case were controlled substance offenses; and he had at least two prior felony convictions for controlled substance offenses and/or crimes of violence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

. Gillespie was sentenced under the 1993 version of the U.S. Sentencing Guidelines Manual.