# United States Court of Appeals
## For the First Circuit

No. 01-1858

UNITED STATES OF AMERICA,

Appellant,

v.

ROBERT A. HICKEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Walter J. Skinner, Senior U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Dina Michael Chaitowitz, Assistant U.S. Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellant.
Martin G. Weinberg, with whom Oteri, Weinberg & Lawson, Kimberly Homan, and Sheketoff & Homan were on brief, for appellee.

February 19, 2002

**COFFIN, Senior Circuit Judge.**  The only issue raised in this narrow appeal is whether the recently effective Amendment 599 to the United States Sentencing Guidelines applies to career offenders convicted of armed robbery (18 U.S.C. § 2113(d)) and use of a firearm during the commission of an armed robbery (18 U.S.C. § 924(c)). Amendment 599's purpose, broadly stated, is to eliminate duplicative sentences for essentially the same offense.  The district court concluded that the amendment applied and accordingly reduced appellee's sentence.  Because we are confined by the plain language of the amendment, we are compelled to conclude that the district court was without jurisdiction, and therefore erred, in relying on the amendment to reduce appellee's sentence.

## I.  Background

In 1989, a jury convicted appellee Robert Hickey of conspiracy, armed robbery, and use of a firearm during the commission of an armed robbery, in violation of 18 U.S.C. §§ 371,  2113(d), and 924(c), respectively.  Appellee's two prior armed robberies (in 1976 and 1977) rendered him a career offender for sentencing purposes. The career offender guideline, U.S.S.G. § 4B1.1, thus preempted the regular offense guideline and calculation that otherwise would have been applicable.  Appellee's adjusted offense level jumped from 20 to 34, and his criminal history category was set at VI.  The confluence of the adjusted offense level of 34 and criminal history category of VI

produced a guidelines sentencing range of 262 to 327 months on the substantive armed robbery count. Appellee's § 924(c) conviction required an additional, consecutive 60-month minimum sentence. At sentencing, after noting that appellee's career offender offense level was higher because he was convicted of armed, rather than unarmed robbery, and downwardly departing 46 months, the district court imposed a 216-month sentence for the substantive armed robbery, a 60-month concurrent sentence for the conspiracy, and a 60-month consecutive sentence on the § 924(c) count. In effect, appellee was twice penalized for using a firearm during the commission of the robbery-- once under the career offender guideline for armed robbery and once because of his § 924(c) violation.

In 2001, appellee filed a pro se motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 599 to the Sentencing Guidelines. Amendment 599 applies to § 2K2.4, which guides courts in sentencing defendants for, inter alia, § 924(c) convictions. It pertinently provides:

> If a sentence . . . is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3. Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under

-4-

18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

U.S. Sentencing Guidelines Manual, supp. to app. C, amend. 599 (2000); see also id. at amend. 607 (making Amendment 599 retroactive).

Appellee's sentence was imposed not on the basis of the underlying offense, i.e., armed robbery, but on the basis of his career offender status. On its face, therefore, Amendment 599 does not apply to appellee. The applicable guideline, § 4B1.1, instructs a court to determine the career offender offense level by applying the statutory maximum for the underlying crime. Under the Guidelines in effect in 1989, had appellee not qualified as a career offender, his adjusted offense level for the armed robbery would have been a level 20.[1] Under the career offender guideline, however, appellee's offense level was automatically increased to level 34 because the maximum exposure for armed robbery was 25 years. If appellee had been charged with unarmed robbery, his offense level under the career offender guideline would have increased only to a level 32, because the statutory maximum for that offense is 20 years. In any event, once the career offender

---

[1] The armed robbery carried a base offense level of 18, and the amount of money stolen resulted in a two-level specific offense enhancement.

guideline was applied, the sentencing scheme for the underlying offense fell out of the picture as did the enhancements to which Amendment 599 refers.

The district court, however, reasoned that although the career offender guideline technically involved neither an underlying offense, nor a specific offense characteristic, the disparity created by appellee's sentencing under both the career offender guideline for armed robbery and § 924(c) captured the essence of the amendment. The court reasoned that under the Commission's "expanded interpretation," the "underlying offense for which the defendant was actually sentenced was of being an armed career criminal, and that sentence was enhanced by reason of his use of a firearm in the commission of the robbery." The court therefore re-set appellee's career offender level to 32, the level applicable to unarmed bank robbery, instead of 34, the level for armed bank robbery. Once revised, the sentencing range became 210 to 262 months, rather than 262 to 327 months. The court selected the bottom of the range, 210 months, downwardly departed 60 months, and imposed a sentence of 150 months on the armed robbery count.[2] It also imposed a consecutive 60-month sentence for the § 924(c) count,

---

[2] It appears that the district court mistakenly departed 60 months, instead of the 46 months it had originally departed. See United States v. Jordan, 162 F.3d 1, 5 (1st Cir. 1998) (concluding that a reconsideration of a sentence in light of a retroactive guideline amendment does not give the district court authority to reconsider other aspects of the original sentence).

bringing the total sentence to 210 months. On appeal, the government argues that the district court had no authority to modify appellee's sentence because Amendment 599 is inapplicable to sentences imposed under the career offender guideline.

## II. Discussion

The meaning of an amendment to the Sentencing Guidelines is a question of law, over which we exercise plenary review. See United States v. Caraballo, 200 F.3d 20, 24 (1st Cir. 1999); see also United States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992). We apply traditional standards of statutory construction to aid our review. See, e.g., United States v. DeLuca, 17 F.3d 6, 10 (1st Cir. 1994).

At the time of appellee's original sentencing, Application Note 2 to U.S.S.G. § 2K2.4 explained that for a conviction under § 924(c), "where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm . . . is not to be applied in respect to the guideline for the underlying offense." U.S. Sentencing Guidelines Manual, § 2K2.4 (1988). The background section explained that the purpose is "to avoid double counting." Id.

In 1998, the guidelines were amended to explain that the application of § 2K2.4 could sometimes result in a guideline range that "produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a [§ 924(c)

conviction] (*i.e.*, the guideline range that would have resulted if the enhancements for possession use or discharge of a firearm had been applied)." U.S. Sentencing Guidelines Manual, § 2K2.4 (1998). It therefore noted that an upward departure would sometimes be necessary to ensure that the § 924(c) conviction "does not result in a decrease in the total punishment." Id.

Effective November 1, 2000, § 2K2.4 was again amended by Amendment 599. The avowed purposes of the amendment were to "(1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles." U.S. Sentencing Guidelines Manual, supp. to app. C, amend. 599 (2000). The first sentence of the revised Application Note 2 reinforces the long-standing notion--applicable in 1989 when appellee was first sentenced--that a defendant's possession of a weapon cannot be used to enhance the level of the underlying offense.

The heart of the amendment, however, speaks to relevant conduct. Before Amendment 599, courts were split as to whether to enhance a defendant's sentence for either a co-defendant's possession of a weapon or the defendant's possession of a second weapon during an ongoing drug trafficking conspiracy. See United States v. Diaz, 248 F.3d 1065, 1107 n.59 (11th Cir. 2001) (cataloging cases). The Commission thus sought to even application of the relevant conduct guidelines and counseled courts not to apply enhancements in these situations. See U.S.

<u>Sentencing Guidelines Manual</u>, supp. to app. C, amend. 599 (2000) ("Do not apply any weapon enhancement . . . if (A) a co-defendant . . . possessed a firearm different from the one for which defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c).").

The government argues that appellee's revised sentence is unauthorized because Amendment 599 is inapplicable both on its face and in context.  Appellee reasons that the district court's re-sentencing is permissible under an expansive interpretation of the underlying purposes of the amendment and the meaning of the term "specific offense characteristic."  He essentially contends that "specific offense characteristic" may refer to an element of a crime if that element increases a defendant's offense level.  Thus, he argues, an armed robbery charge, rather than an unarmed robbery charge, operates as a sentencing enhancement, and Amendment 599 applies.

This argument is not without considerable appeal, but, unfortunately for appellee, when the plain language of a sentencing guideline provides one clear meaning, our inquiry ends.  See <u>Lopez-Soto</u> v. <u>Hawayek</u>, 175 F.3d 170, 172 (1st Cir. 1999); see <u>United States</u> v. <u>Sanders</u>, 982 F.2d 4, 8 (1st Cir. 1992) ("It is not our place to rewrite the Guidelines.").  Appellee was sentenced as a career offender; the specific offense characteristics of his underlying offense therefore

were immaterial. Under the career offender sentencing scheme, the sentencing court only considers the underlying offense's statutory maximum. Because appellee did not receive an enhancement of his underlying offense when he was sentenced and his sentence under § 924(c) had nothing to do with any co-defendants' relevant conduct, Amendment 599 is inapplicable.[3]

Moreover, the different treatment relating to enhancement according to sentences based on "underlying offense" and "career offender" comports with contemporaneously effective Amendments 598 and 600. Amendment 598 recognized that an upward departure may be warranted in a § 924(c) sentencing if the defendant is being sentenced only for a § 924(c) violation but otherwise would have qualified as a career offender. Amendment 600 sought to clarify when a conviction under § 924(c) can later trigger the career offender guideline. That the Commission twice explicitly addressed offenses under § 924(c) vis-a-vis the career offender guideline, but did not speak to the sentencing disparity of which appellee complains, is further evidence that Amendment 599 was not intended to benefit offenders in appellee's situation.

---

[3] Because the language of Amendment 599 is unambiguous, we do not consider appellee's request to apply the rule of lenity. United States v. Luna-Díaz, 222 F.3d 1, 3-4 n.2 (1st Cir. 2000) (noting that the rule of lenity "comes into operation . . . only when the language of the statute is ambiguous").

**The May 15, 2001 sentence of the district court is vacated and the case is remanded to the district court for reinstatement of the September 18, 1989 sentence.**