**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1336 & 11-2921
_____

MICHAEL J. NORWOOD,

Appellant in 11-1336

v.

UNITED STATES OF AMERICA

_____

UNITED STATES OF AMERICA

v.

MICHAEL J. NORWOOD,

Appellant in 11-2921
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-06744 & D.C. Criminal Action No. 96-cr-00232-001)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2012

Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: March 30, 2012)

_____

OPINION
_____

PER CURIAM

Michael J. Norwood appeals from the District Court's orders denying his motions under 28 U.S.C. § 2255 (D.N.J. Civ. No. 10-cv-06744; C.A. No. 11-1336), and 18 U.S.C. § 3582(c)(2) (D.N.J. Crim. No. 96-cr-00232-001; C.A. No. 11-2921). We will affirm the latter but vacate the former and remand.

I.

In 1997, a federal jury found Norwood guilty of six crimes arising from a single bank robbery and his flight therefrom: (1) bank robbery under 18 U.S.C. § 2113(a) (Count One); (2) armed bank robbery under 18 U.S.C. § 2113(d) (Count Two); (3) use of a firearm in connection with a crime of violence (i.e., the bank robbery) under 18 U.S.C. § 924(c) (Count Three); (4) carjacking under 18 U.S.C. § 2119 (Count Four); (5) another count under 18 U.S.C. § 924(c) of using a firearm in connection with the carjacking (Count Five); and (6) possession of a handgun by a felon under 18 U.S.C. §§ 922(g) and 924(e) (Count Six). The District Court sentenced him to life plus 25 years of imprisonment, and we affirmed. United States v. Norwood, C.A. No. 97-5346, 142 F.3d 430 (3d Cir. 1998) (Table).

Norwood then filed pro se a motion under 28 U.S.C. § 2255 raising various constitutional claims as well as a claim that the District Court miscalculated the Sentencing Guidelines range applicable to Count Six. The District Court granted the motion as to that claim only and appointed counsel for resentencing. Although counsel

2

was appointed solely for resentencing, counsel appears to have raised other claims in the nature of § 2255 claims, which the District Court entertained and denied at Norwood's resentencing hearing. The District Court resentenced Norwood to 327 months plus 25 years of imprisonment on October 29, 1999. Norwood appealed from both the order denying the remainder of his initial § 2255 motion and from the new sentence and denial of his apparent supplemental § 2255 claims. We determined that he required a certificate of appealability ("COA") for both appeals and dismissed them because he did not satisfy the standard. Norwood v. United States, C.A. Nos. 99-5510 & 99-5992, 229 F.3d 1138 (3d Cir. 2000) (Table).

In 2006, Norwood filed a motion captioned as one for a reduction of sentence under 18 U.S.C. § 3582(c)(2) in light of United States v. Booker, 543 U.S. 220 (2005). The District Court treated it as a § 2255 motion and summarily dismissed it as second or successive. (D.N.J. Civ. No. 06-cv-03021.) Norwood did not seek a COA. Norwood later filed a Rule 60(b) motion in his criminal proceeding asking the District Court to reissue its amended judgment so he could file a direct appeal. The District Court treated that motion too as an unauthorized second or successive § 2255 motion and dismissed it on that basis. We denied a COA, though in doing so we did not endorse the District Court's conclusion that Norwood's motion constituted a second or successive § 2255 motion. Instead, we concluded that the motion did not state a reasonably debatable basis for relief regardless of its nature. (C.A. No. 08-3629, Mar. 18, 2009 Order.)

3

Finally, Norwood filed the § 2255 motion at issue here. Among other claims, he argued for the first time that his conviction of both bank robbery and armed bank robbery constitutes a double jeopardy violation. By order entered January 25, 2011, the District Court summarily dismissed this motion too as second or successive. Norwood appeals from that ruling. We granted a COA on his double jeopardy claim only and directed the parties to brief the issues set forth in the margin.[1]

In addition to filing his most recent § 2255 motion, Norwood filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), on the basis of Amendment 599 to the Sentencing Guidelines. The District Court denied that motion by order entered July 1, 2010, and Norwood appeals from that ruling as well. On the Government's motion, we consolidated both appeals for disposition.[2]

---

[1]"In addition to such other issues as the parties may wish to raise regarding [Norwood's double jeopardy] claim, they are directed to address the following: (1) whether the District Court erred in treating appellant's motion under 28 U.S.C. § 2255 as a second or successive § 2255 motion in light of the District Court's apparent failure to provide the notice required by Castro v. United States, 540 U.S. 375, 383 (2003), and United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999), during any relevant prior proceeding; (2) whether Miller remains good law in light of Pliler v. Ford, 542 U.S. 225 (2004) . . .; and (3) whether appellant's double jeopardy claim is barred by his apparent failure to raise it in any prior proceeding and/or by the statute of limitations." (June 16, 2011 Order.)

[2] We have jurisdiction over both appeals pursuant to 28 U.S.C. § 1291. We review de novo the District Court's denial of Norwood's § 2255 motion without a hearing. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004). We review the District Court's interpretation of § 3582(c)(2) and the Sentencing Guidelines de novo as well. United States v. Flemming, 617 F.3d 252, 257 (3d Cir. 2010).

## II. The § 2255 Appeal

Norwood argues that his conviction of both bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d) constitutes a double jeopardy violation. As the Government concedes on appeal, Norwood is right. See United States v. Cesare, 581 F.3d 206, 207 (3d Cir. 2009) (addressing identical violation); United States v. Beckett, 208 F.3d 140, 149 (3d Cir. 2000) (same). As the Government also concedes, the violation exists despite the fact that Norwood's sentences for each conviction are running concurrently. See Cesare, 581 F.3d at 207. Thus, Norwood is entitled to relief on this claim unless some procedural obstacle stands in his way.

The District Court, however, summarily dismissed Norwood's § 2255 motion without either acknowledging the merit of his claim or directing the Government to file a response. See Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255 (permitting summary dismissal without a response only "[i]f it plainly appears . . . that the moving party is not entitled to relief"). The District Court did so on the basis of its conclusion that Norwood's § 2255 motion is second or successive. We conclude that the District Court should have directed the Government to respond to Norwood's motion and should have addressed the issue more thoroughly before dismissing his meritorious claim.

The Government does not defend the District Court's second-or-successive ruling on appeal, and that ruling is problematic for two reasons. First, our review of the record suggests, and the Government does not argue otherwise, that the District Court never

5

gave Norwood the notice required by United States v. Miller, 197 F.3d 644 (3d Cir. 1999). In that case, we held that district courts, before ruling on pro se § 2255 motions denominated as such, must notify pro se litigants of the restrictions imposed on second or successive § 2255 motions and provide them with an opportunity to file one, all-inclusive § 2255 motion within the applicable statute of limitations. See id. at 646; see also Castro v. United States, 540 U.S. 375, 383 (2003) (requiring such notice before recharacterizing a pro se filing as a § 2255 motion). Failure to provide such notice prevents the motion from counting as a first § 2255 motion for second or successive purposes. See Castro, 540 U.S. at 383. In this case, there is no indication of record that the District Court ever provided Norwood with the Miller notice before ruling on his initial pro se § 2255 motion, his supplemental § 2255 motion, or any of his motions thereafter. See In re Wagner, 421 F.3d 275, 278 (3d Cir. 2005). The District Court did not address this issue.[3]

---

[3] We directed the parties to brief whether Miller remains good law in light of Pliler v. Ford, 542 U.S. 225 (2004), which arguably limited Castro to situations in which a District Court treats as a § 2255 motion a pro se filing styled as something else. The Government asks us to refrain from deciding the issue in this appeal, and we need not do so because the District Court may not need to resolve the Miller issue on remand. Although the Government does not raise this point, we also recognize that Norwood appears to have filed supplemental § 2255 claims through resentencing counsel and that the notification requirement of Miller applies only to § 2255 motions filed pro se. See Miller, 197 F.3d at 646. We cannot say at this stage, however, that the appointment of counsel under these circumstances cured the absence of the Miller notice. The District Court appointed Norwood's resentencing counsel only after granting in part his initial § 2255 motion and only for purposes of resentencing. See Simon v. United States, 359 F.3d 139, 145 n.11 (2d Cir. 2004). Moreover, the precise nature of counsel's apparent § 2255-like representation is not clear from the record. The record of Norwood's criminal proceeding contains no actual submissions in that regard, and the District Court Clerk's Office has informed us that it cannot locate the original file for Norwood's initial § 2255

Second, and regardless of Miller, Norwood argued below that his initial § 2255 motion does not count as a first § 2255 motion for second or successive purposes under the Supreme Court's decision in Magwood v. Patterson, 130 S. Ct. 2788 (2010). In that case, the Supreme Court held that a habeas petition under 28 U.S.C. § 2254 addressed to a judgment that was amended on the basis of an earlier § 2254 petition is not a second or successive petition when it is the first petition addressed to the new judgment. See id. at 2796. Thus, Norwood argued, his current § 2255 motion is not second or successive because it is the first addressed to his amended judgment. The District Court rejected this argument and concluded that Magwood does not apply because Norwood's original judgment was amended only by resentencing on Count Six and none of his § 2255 claims were addressed to the new sentence imposed on Count Six. We have not yet addressed the scope of Magwood in this context, but a decision by a Court of Appeals that has calls the District Court's conclusion into question.[4]

We find it neither necessary nor desirable to decide the issue at this stage, however. Neither Norwood nor the Government has argued this point on appeal. In

proceeding, D.N.J. Civ. No. 99-cv-00018. The District Court may have better success locating the relevant records if it finds it necessary to resolve the Miller issue on remand.

[4] The United States Court of Appeals for the Second Circuit has held both that Magwood applies to § 2255 proceedings and that its holding permits challenges after resentencing even to an underlying conviction and even on grounds that could have been raised in the initial § 2255 motion. See Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010). The District Court cited Johnson for the proposition that Magwood may apply in § 2255 proceedings, but its conclusion that Magwood does not permit Norwood to challenge anything other than the new sentence imposed on Count Six is at odds with the Second Circuit's decision.

7

addition, because the District Court summarily dismissed Norwood's § 2255 motion without requiring a response, it did not have the benefit of the Government's position on this issue (or on the <u>Miller</u> issue, the substance of which the Government also has not argued on appeal). And the District Court may find it unnecessary to resolve either issue on remand if it grants relief on Norwood's double jeopardy claim or denies it on some other ground.

In that vein, the Government asks us to affirm on the alternate ground that Norwood's double jeopardy claim is barred by the statute of limitations. The age of Norwood's convictions certainly raises concerns in that regard, which is why we invited the parties to address the issue. Having reviewed the record and the parties' arguments, however, we believe it best to follow our usual practice of declining to apply the statute of limitations in the first instance on appeal. <u>See</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 140 (3d Cir. 2002). The Government is free to raise this argument, as well as any other procedural argument it wishes to raise, on remand.

Accordingly, we will vacate the District Court's denial of Norwood's § 2255 motion and remand for the District Court to direct the Government to file a response and conduct such further proceedings as may prove necessary with respect to Norwood's valid double jeopardy claim.[5]

---

[5] Relief on this claim would entail vacating Norwood's conviction for simple bank robbery. <u>See</u> <u>Cesare</u>, 581 F.3d at 207. That conviction is not at issue in Norwood's § 3582(c)(2) appeal.

III.    The § 3582(c)(2) Appeal

"[A] defendant is eligible for a sentence reduction under § 3582(c)(2) only when two elements are satisfied:  First, the defendant must have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission;' and second, the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'"  United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).  The relevant policy statement permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. § 1B1.10(c).  See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); Doe, 564 F.3d at 309.  Norwood relies on Amendment 599, which has been made retroactive.  See U.S.S.G. § 1B1.10(c).  We conclude, however, that the Amendment did not lower the sentencing range applicable to him.

Norwood argues that Amendment 599 requires a reduction in the offense level used in resentencing him on his conviction of Count Six, possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e).  In resentencing Norwood on Count Six, the District Court calculated his offense level as 34 under the Guideline applicable to armed career criminals.  In particular, the District Court applied U.S.S.G. § 4B1.4(b)(3)(A), which mandates an offense level of 34 if the defendant "used or possessed the firearm . . . in connection with . . . a crime of violence[.]"  U.S.S.G.

§ 4B1.4(b)(3)(A).[6] Otherwise, Norwood's offense level for Count Six would have been 33. See U.S.S.G. § 4B1.4(b)(3)(B). Norwood argues that Amendment 599 requires the District Court to overlook his use of a firearm in applying the armed career criminal Guideline and to instead apply the default armed career criminal offense level of 33.

Amendment 599, however, does not apply to sentencing under the armed career criminal Guideline. Amendment 599 amended the Commentary to U.S.S.G. § 2K2.4, which is the Guideline applicable to use-of-firearm convictions under 18 U.S.C. § 924(c). In the case of such convictions, the Commentary provided that the defendant's use of a firearm, which already had led to the conviction and sentence under § 924(c), should not be "double counted" by serving also as the basis for an enhancement of some other offense. See United States v. Hickey, 280 F.3d 65, 68 (1st Cir. 2002). Amendment 599 modified that Commentary in order to "clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements contained in the guidelines for those other offenses." U.S. Sentencing Guidelines Manual, Supp. to Appx. C, Am. 599, Reasons for Amendment (2010) (emphasis added). Thus, the Amendment speaks in terms only of the enhancements otherwise applicable under the Guidelines that govern specific offenses. See Hickey, 280 F.3d at 66-67.

---

[6] Both the District Court and the Government on appeal misconstrue Norwood's challenge as one to his sentence for armed robbery. Thus, both focus on the calculation of his offense level for armed robbery under U.S.S.G. §§ 4B1.1(b)(2) and 4B1.4(b)(2). The same underlying analysis, however, applies in either case.

Norwood's offense level for Count Six, by contrast, was not calculated under the Guideline that governs felon-in-possession offenses, U.S.S.G. § 2K2.1. Instead, it was calculated under the Guideline applicable to armed career criminals generally, U.S.S.G. § 4B1.4. "[O]nce the career offender guideline was applied, the sentencing scheme for the underlying offense fell out of the picture as did the [offense-specific] enhancements to which Amendment 599 refers." Hickey, 280 F.3d at 67. In short, "Amendment 599 has nothing to do with § 4B1.4[(b)(3)(A).]" United States v. Sanders, 372 F.3d 1183, 1186 (10th Cir. 2004).

Norwood nevertheless argues that his increased offense level under the armed career criminal Guideline for use of a firearm, coupled with his conviction and sentence for the same conduct under 18 U.S.C. § 924(e), constitutes the same kind of "double counting" that Amendment 599 was designed to prevent. Federal courts, however, are not permitted to grant relief on the basis of "an expansive interpretation of the underlying purposes of the amendment," but must instead apply it as written. Hickey, 280 F.3d at 68-69. As written, Amendment 599 does not apply to the calculation of Norwood's offense level under the armed career criminal Guideline.[7]

---

[7] Norwood does not argue that Amendment 599 contains any ambiguity that could be construed in his favor under the rule of lenity, and we discern none. See Hickey, 280 F.3d at 69 n.3.

Appearing to recognize as much, Norwood invokes Amendment 674 for the first time on appeal. Amendment 674 does indeed address Norwood's precise situation.[8] After initially contending that Amendment 674 may be applied retroactively as a "clarifying amendment," however, Norwood rightly concedes in his reply brief that Amendment 674 is not retroactive and thus may not be applied to him. See U.S.S.G. § 1B1.10(c); Dillon, 130 S. Ct. at 2691.

Accordingly, we will affirm the District Court's denial of Norwood's motion under 18 U.S.C. § 3582(c)(2). Our ruling is without prejudice to Norwood's ability to apply for relief on the basis of Amendment 674 if the Sentencing Commission makes it retroactive in the future, though we express no opinion on whether such relief might then be warranted.

## IV.

In sum, we will vacate the District Court's order entered January 25, 2011, in D.N.J. Civ. No. 10-cv-06744, and remand for further proceedings. We will affirm the District Court's order entered July 1, 2010, in D.N.J. Crim. No. 96-cr-00232-001.

---

[8] Amendment 674 amended the Commentary to U.S.S.G. § 4B1.4 to provide that § 4B1.4(b)(3)(A), the provision under which Norwood's offense level was calculated, should not be applied if the defendant is also sentenced on the basis of a conviction under 18 U.S.C. § 924(c), as Norwood was. See U.S.S.G. App. C., Am. 674 (2004).